Evelyn M. CHARVES, Plaintiff, Appellant,

v.

The WESTERN UNION TELEGRAPH CO., et al., Defendants, Appellees.

No. 82–1804.

United States Court of Appeals, First Circuit.

Argued June 8, 1983.

Decided July 11, 1983.

---

John E. Fornaro, Jr., Greenville, R.I., for plaintiff, appellant.

\* Of the District of Columbia Circuit, sitting by designation.

1. Appellant had also named as defendants in her two actions both the local and international unions, who were the bargaining agents for the Western Union employees. The gravamen of her complaints against them was that they had failed in their representational obligations to her in connection with her efforts to overcome

Philip J. Moss, Boston, Mass., with whom Morgan, Brown & Joy, Boston, Mass., was on brief, for The Western Union Telegraph Co.

Before McGOWAN,\* Senior Circuit Judge, COFFIN and BREYER, Circuit Judges.

PER CURIAM:

This appeal from the district court presents solely a challenge to an award of attorney's fees to an employer who prevailed in two sex discrimination suits brought against it under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e–5(k). For the reasons hereinafter appearing, we affirm that award.

I

Beginning in 1973, appellant filed a series of charges with the Equal Employment Opportunity Commission, alleging acts of sex discrimination by her employer, appellee Western Union Telegraph Company. Released from the necessity of pursuing further relief at the hands of the Commission by a "right to sue" letter from it on April 18, 1974, appellant brought the first of two actions in the district court. After filing further charges with the EEOC, and receiving a further "right to sue" letter in 1977, the second action was commenced in August, 1977. The two were consolidated for a trial which consumed three days, after which the trial judge concluded, in a decision issued March 9, 1981, that both complaints should be dismissed.[1]

The court postponed entry of a final judgment in order to hear and dispose of Western Union's claim, as the prevailing party, for attorney's fees.[2] The issue was

the discrimination allegedly being practiced against her by Western Union.

The district court found in the unions' favor on the merits, and they sought attorney's fees as a prevailing party. The court decided against any such allowance, and the unions have not appealed.

2. In one of the numerous requests for extensions of time which appellant sought for the filing of her brief and appendix in support of

briefed, with appellant asserting additionally that she would be unable to pay any such award. Because of the latter claim, the court permitted discovery as to appellant's financial situation. Both sides participated in such discovery by means of interrogatories, and Western Union deposed appellant and another witness.

On September 16, 1982, the district court entered a final judgment in the litigation, accompanied by a Supplemental Memorandum. An award of attorney's fees and expenses was made to Western Union in the amount of $25,000. That award is the subject of this appeal.[3]

## II

Appellant's brief on appeal formulates two claims of error. One is that the district court was wrong in its finding that the causes of action brought by appellant were, in its words, "frivolous, unreasonable, and without foundation." The second error is said to reside in the court's conclusion that the $25,000 award will not "completely ruin the Plaintiff from a financial standpoint." We address these in turn.

### A. The *Christianburg* Standard.

The Supreme Court of the United States has explicitly addressed the circumstances in which attorney's fees may be awarded to prevailing defendants. In *Christianburg Garment Co. v. EEOC,* 434 U.S. 412, 421, 98 S.Ct. 694, 700, 54 L.Ed.2d 648 (1978), it said that "[A] district court *may in its discretion* award attorney's fees to a prevailing defendant in a Title VII case upon a finding that the plaintiff's action was frivolous, unreasonable, or without foundation, even though not brought in subjective bad

faith." (emphasis supplied). The finding made by the district court in its Final Judgment in the case before us tracks exactly the *Christianburg* language, except for the use of the word "and" in place of "or" before "without foundation."

■ Appellant relies heavily upon the fact that the preliminary assessment by the EEOC of the charges she lodged with it were generally favorable. But, as the district court said in its Supplemental Memorandum, the fact that "an administrative agency has reached a contrary conclusion as to the merits of a plaintiff's case is not in any sense conclusive; nor does it bar the allowance of attorney's fees to a defendant" who has prevailed in a subsequent judicial proceeding. *See Carrion v. Yeshiva University,* 535 F.2d 722 (CA 2, 1976).

■ In any event, the preliminary proceedings before the EEOC do not, for purposes of testing the merits of discrimination claims, approach the rigors of the adversary process operative in a Title VII litigation in the federal courts. A finding after that process has been exhausted that the plaintiff's case is frivolous provides an adequate foundation for the court to exercise its discretion to award attorney's fees to the prevailing defendant. *Christianburg* makes this crystal clear.

■ In reaching the result it did, the court was, by its own admission, influenced significantly by its ever-deepening belief that the appellant was not a credible witness. It is, of course, appropriate for the trial judge to make such a judgment and to take it into account in its assessment of the evidence. In the absence of egregious lapses in such a perception, appellate courts

this appeal, it was stated on behalf of appellant as follows:

A review of the trial transcript and related documentary evidence has disclosed to present counsel that there are no appealable issues therein which stand a reasonable chance of success based upon the record. The only issue remaining is that of the awarding of attorneys' fees.... (SA. 10).

**3.** Appellee *Western Union* had earlier in the trial expressly reserved its right to seek attor-

ney's fees if it proved to be the prevailing party. It was in recognition of this reservation that the district court postponed the entry of a final judgment until the fees issue was resolved.

The record (SA. 4–6) shows that at this point Western Union offered to forego attorney's fees if appellant would not appeal. Appellant, despite the earlier statement on her behalf as to the unlikelihood of success, *see* note 2 *supra,* refused the offer.

leave it undisturbed. Our examination of the written record has turned up no such flaws, and we have no warrant to find any abuse by the trial court of the discretion vested by law in it to reach the conclusion it did about the insubstantiality of the plaintiff's lawsuits.

B. The Plaintiff's Financial Capacity.

 The district court was quick to recognize that an award of attorney's fees to a prevailing defendant must not be oblivious of a plaintiff's financial capacity. Early on in its Supplemental Memorandum, it said that "[F]or reasons that are apparent, it is abundantly clear that the unsuccessful plaintiff Evelyn M. Charves, could not and should not be 'saddled' with an award of attorneys' fees and costs in the amount of $81,324.45"—the total amount being claimed by the two groups of defendants. The court pointed to a recent decision by the Eleventh Circuit, *Durrett v. Jenkins Brickyard,* 678 F.2d 911, 917 (1982), recognizing that the amount of the award, even in a frivolous case, may be a reduced assessment, dependent upon the plaintiff's ability to pay, to fulfill the deterrent purpose of § 706(k), 42 U.S.C. § 2000e–5(k) (1976), without subjecting the plaintiff to financial ruin.

We do not think it necessary to recount in depth the district court's efforts to explore the tangled nature of the appellant's finances, intertwined as they had become with those of a friend. The court, with reason, we think, found that neither the plaintiff nor her friend responded fully to the subpoena addressed to them, and that their deposition testimony was "most evasive and contradictory." The conclusion was that the appellant in effect had attempted "to place her assets beyond the reach of anyone lawfully entitled to look to same."

What the district court ultimately derived from the evidence of record was that appellant and her friend had as much as approximately $44,000 in a joint account and that a very substantial part of this came from appellant. As the district court summa-rized its conclusions in the Supplemental Memorandum, "[W]eighing all of these factors and without attempting to completely ruin the plaintiff from a financial standpoint, the Court is of the opinion that the judgment order should provide for attorney's fees and expenses in the total sum of $25,000." This is the amount which, together with interest thereon from the date of judgment *and* the taxable costs of the several actions, is made payable to Western Union in the district court's Final Judgment, dated September 16, 1982.

---

Being unpersuaded that the district court erred in either of the two respects asserted by appellant, we affirm the Final Judgment of the district court. The appellee's costs of this appeal, but not attorney's fees, shall be taxed against the appellant.