**EQUAL EMPLOYMENT OPPORTUNI-TY COMMISSION, Plaintiff, Appellant,**

v.

**CARIBE HILTON INTERNATIONAL and Union De Tronquistas De Puerto Rico, Local 901, Defendants, Appellees.**

No. 86–1587.

United States Court of Appeals, First Circuit.

Argued Feb. 6, 1987.

Decided June 23, 1987.

Karen MacRae Smith with whom Johnny J. Butler, Acting Gen. Counsel, Gwendolyn Young Reams, Acting Associate Gen. Counsel, and Susan Buckingham Reilly, Asst. Gen. Counsel, were on brief for plaintiff-appellant.

Manuel A. Quilichini with whom Francisco M. Ramirez and Lespier, Munoz-Noya & Ramirez were on brief for defendant, appellee Caribe Hilton International.

Pedro J. Varela for defendant, appellee Union de Tronquistas de Puerto Rico, Local 901.

Before COFFIN, Circuit Judge, WISDOM,* Senior Circuit Judge, and BOWNES, Circuit Judge.

PER CURIAM:

This appeal presents the question whether defendants who prevailed in an action brought by the Equal Employment Opportunity Commission under Title VII of the Civil Rights Act of 1964, as amended,[1] are entitled to an award of attorney's fees [2] as ordered by the district court.[3] Because we hold that the district court did not abuse its discretion, we affirm.

I.

Felix Velez Cruz ("Velez") was a doorman at the casino of the defendant Caribe Hilton International ("Hotel") in San Juan, Puerto Rico, and a member of defendant Union de Tronquistas de Puerto Rico, Local 901 ("Union"). Velez was a practicing Seventh Day Adventist whose religious beliefs prevented his working from sundown Friday to sundown Saturday. From the commencement of his employment in 1972 until the Hotel entered into a new collective bargaining agreement with the Union in 1982, the Hotel assigned Velez to shifts that excluded work on Friday nights.

The 1982 agreement made such scheduling impossible without the voluntary cooperation of other doormen. The voluntary cooperation failed. Velez resisted other attempts at accommodation, including the Hotel's offering Velez a management position that would have excluded work on Friday nights. The Hotel issued warnings to Velez for failure to report to work on certain Friday nights, suspended him a number of times, and then terminated his employment. The Equal Employment Opportunity Commission, under Title VII of the Civil Rights Act, as amended, 42 U.S.C. § 2000e *et seq.*, sued the Hotel and the Union charging them with unlawful religious discrimination against Velez. Based on affidavits, the district court issued a temporary restraining order reinstating Velez.

II.

The subsequent trial revealed that the Hotel and the Union had done their utmost to accommodate Velez. The Hotel had offered him alternative employment opportunities, all of which he rejected. The district court found that the Hotel "bent over backwards trying to accommodate him." Furthermore, the district court found that the efforts at accommodation failed because Velez was intransigent; he was "totally uncooperative" with the Hotel.

The evidence adduced at trial revealed a case that the EEOC has candidly described to this Court as "very weak". The complainant's own testimony highlighted the weakness of the government's case. The district court stated:

* Of the Fifth Circuit, sitting by designation.

1. 42 U.S.C. § 2000e et seq.

2. Section 706(k) of Title VII of the Civil Rights Act of 1964 provides:

> In any action or proceeding under this title the court, in its discretion, may allow the prevailing party, other than the Commission or the United States, a reasonable attorney's fee as part of the costs, and the Commission and the United States shall be liable for costs the same as a private person.

42 U.S.C. § 2000e–5(k).

3. *See EEOC v. Caribe Hilton Int'l*, 597 F.Supp. 1007 (D.P.R.1984) (The underlying discrimination action).

Velez' testimony was impregnated with inconsistencies, contradictions, selective and convenient lapses of memory, evasive answers and outright lies. Accordingly, we give little credence to it.[4] The EEOC went forward with the action at the insistence of Velez, giving the district court the impression that the EEOC proceeded "almost against its best judgment." Because of Velez' intransigence and unreliability, the district court found EEOC's actions to have been "unreasonable and without foundation even before the case was filed."

### III.

The Supreme Court has held that a "district court may in its discretion award attorney's fees to a prevailing defendant in a Title VII case upon a finding that the plaintiff's action was frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith."[5] We shall not disturb the district court's decision absent a clear finding of abuse of discretion.[6]

The EEOC argued below that it made out a prima facie case showing that it did not act unreasonably or without foundation. The prima facie case showed three elements: (1) that Velez was a Seventh Day Adventist, (2) that he informed the Hotel of that fact when he was first hired, and (3) that he was fired for not working on Friday nights.[7]

The private plaintiff/appellant in Charves v. Western Union Telegraph Co.[8] similarly argued that a preliminary administrative finding of discrimination made by EEOC demonstrated that her action was not frivolous. We rejected that argument. The district court in Charves was "influenced significantly by its ever-deepening belief that the [employee] was not a credible witness."[9] Regarding that district court's perception of the evidence at the Charves trial, we stated:

It is, of course, appropriate for the trial judge to make such a judgment and to take it into account in its assessment of the evidence. In the absence of egregious lapses in such a perception, appellate courts leave it undisturbed.[10]

In the instant case, the district court found that Velez was not a credible witness, that he had been intransigent with his employer, and that his employer had attempted to accommodate him. Upon these facts, the district court found that EEOC's action was unreasonable and unfounded, and awarded attorney's fees to the defendants. The statute vests the district court with the discretion to make such a determination. We have no basis to find an abuse of that discretion. The order of the district court is affirmed.

---

4. *EEOC v. Caribe Hilton Int'l,* 597 F.Supp. at 1009 n. 1.

5. *Christiansburg Garment Co. v. EEOC,* 434 U.S. 412, 421, 98 S.Ct. 694, 700, 54 L.Ed.2d 648, 657 (1978).

6. *Charves v. Western Union Telegraph Co.,* 711 F.2d 462 (1st Cir.1983).

7. *EEOC v. Caribe Hilton Int'l,* 597 F.Supp. at 1010–11.

8. 711 F.2d 462.

9. *Id.* at 464.

