Ralph J. MILLER, Jr.

v.

**UNITED STATES POSTAL SERVICE, et al.**

**Civ. No. 90–324–D.**

United States District Court, D. New Hampshire.

June 3, 1992.

Charles G. Douglas III, Concord, N.H., for plaintiff.

Gretchen Leah Witt, Asst. U.S. Atty., Concord, N.H., for defendant USPS.

Francis Frio, Washington, D.C., Raymond P. Blanchard, Portsmouth, N.H., John McMahon, Boston, Mass., for defendant NRLCA.

## ORDER

DEVINE, Chief Judge.

Plaintiff Ralph J. Miller brings this "hybrid" [1] action against USPS for breach of contract and NRLCA for breach of its duty of fair representation. Jurisdiction is based on 39 U.S.C. § 1208(b).[2]

Presently before the court are all parties' respective motions for summary judgment.

### Factual Background [3]

Plaintiff began working for USPS as a substitute rural carrier in April 1981. He became a regular carrier in June 1984. As a result of events (not here relevant) which occurred on four occasions between March 11 and May 8, 1986, USPS issued plaintiff a Notice of Proposed Removal on May 21, 1986. Plaintiff was thereafter removed from USPS employ. Subsequently, plaintiff filed a grievance pursuant to the National Rural Agreement ("the Agreement"), the collective bargaining instrument governing relations between · USPS and NRLCA. The grievance procedure culminated in an arbitration hearing, in which Arbitrator Arnold N. Zack ruled that plaintiff was terminated for unjust cause and ordered that plaintiff "be reinstated with full seniority and all rights and be made whole for earnings lost." Plaintiff was, in fact, reinstated on July 19, 1987, approximately one month after Zack's ruling.

Thereafter, in accordance with certain provisions of the Employee and Labor Relations Manual ("the Manual"), USPS requested of plaintiff a statement in which he was to detail his efforts to secure employ-

---

**1.** The hybrid action combines a claim against the United States Postal Service (USPS) under 39 U.S.C. § 1208(b), *see infra* note 2, and ·a claim against the National Rural Letter Carriers Association (NRLCA) under the National Labor Relations Act, 29·U.S.C. § 151 et seq. *See, e.g., Reed v. United Transp. Union,* 488 U.S. 319, 109 S.Ct. 621, 627, 102 L.Ed.2d 665 (1989) (citing *Del Costello v. International Bhd. of Teamsters,* 462 U.S. 151, 165, 103 S.Ct. 2281, 2291, 76 L.Ed.2d 476 (1983)).

**2.** Pursuant to 39 U.S.C. § 1208(b),
Suits for violation of contracts between the Postal Service and a labor organization representing Postal Service employees, or between

any such labor organizations, may be brought in any district court of the United States having jurisdiction of the parties, without respect to the amount in controversy.
Because the language of this section tracks that of section 301 of the Labor Management Relations Act, cases under the latter apply to the former. *Bowen v. USPS,* 459 U.S. 212, 232 n. 2, 103 S.Ct. 588, 600 n. 2, 74 L.Ed.2d 402 (1983) (White, J., concurring in part and dissenting in part).

**3.** The facts herein presented, taken from the ·plethora of record pleadings, are undisputed unless otherwise indicated.

ment as well as any income earned during the almost 13–month back-pay period at issue. On September 16, 1987, USPS advised plaintiff that his claim for back pay was rejected because he did not make reasonable efforts to obtain other employment, a stated requirement in the Manual. On September 29, 1987, plaintiff filed a grievance over the denial of his claim for back pay. The back-pay grievance was denied through the first four steps of the five-step grievance process. On July 28, 1989, NRLCA appealed the grievance to national arbitration. On July 10, 1990, the instant action was filed. NRLCA withdrew the grievance from arbitration on November 8, 1990.

Based on the above circumstances, plaintiff argues that NRLCA breached its duty by bringing the allegedly unarbitrable back-pay issue through the grievance procedure rather than by simply enforcing the arbitrator's award in court.

Plaintiff also argues that the collective bargaining agreement was breached when USPS denied him back pay for failure to mitigate damages, allegedly having waived said defense by not raising it before Arbitrator Zack.

After thorough consideration of the motions, replies, objections, and supplements to same, the court finds that plaintiff's claims against both defendants fail as a matter of law and that defendants are entitled to summary judgment. Discussion of the relevant legal principles follows.

■ Whether an employee sues his employer, his union, or both, the required proof is the same: the employer's action must have violated the terms of the collective bargaining agreement *and* the union must have breached its duty of fair representation. *Teamsters v. Terry*, 494 U.S. 558, 564, 110 S.Ct. 1339, 1344, 108 L.Ed.2d 519 (1990). Accordingly, failure of a claim against one party is tantamount to failure of the action as a whole. *Del Costello, supra*, 462 U.S. at 164–65, 103 S.Ct. at 2290–91. As will be shown below, the court finds that plaintiff's claim against the union fails as a matter of law. Therefore,

discussion of the specifics of the USPS claim will be omitted.

■ A union breaches its duty of fair representation if its actions are "arbitrary, discriminatory, or in bad faith." *Air Line Pilots Ass'n Int'l v. O'Neill*, —— U.S. ——, 111 S.Ct. 1127, 1130, 113 L.Ed.2d 51 (1991) (citing *Vaca v. Sipes*, 386 U.S. 171, 190, 87 S.Ct. 903, 916–17, 17 L.Ed.2d 842 (1967)). A union's actions are arbitrary only if "in light of the factual and legal landscape at the time of the union's actions, the union's behavior is so far outside a 'wide range of reasonableness'" as to be irrational. *Id.* (quoting *Ford Motor Co. v. Huffman*, 345 U.S. 330, 338, 73 S.Ct. 681, 686, 97 L.Ed. 1048 (1953)).

■ In short, there is no evidence that the Union's decision with respect to plaintiff's back-pay dispute was arbitrary, discriminatory, or in bad faith.

Plaintiff's claim that the Union attempted to arbitrate a "non-arbitrable back-pay dispute" is without any evidentiary support. In fact, the record supports only the opposite conclusion.

Here, there is no question that the union could have, and in fact did, base its decision to arbitrate on Article 15 of the Agreement, which provides, at section 2, a definition of a "grievance" that includes disputes over wages. Sections 3 and 5 provide for the arbitration of grievances. Based on the above, it is indisputable that the back-pay dispute—a "grievance"—was arbitrable, and that the union decision to pursue such route was, therefore, not irrational.

■ Even if plaintiff is correct and the union *could* have gone to court to enforce the arbitrator's award, no breach occurs where a union reasonably disagrees with an employee's interpretation of a collective bargaining agreement. *Bache v. AT & T*, 840 F.2d 283, 291 (5th Cir.), *cert. denied*, 488 U.S. 888, 109 S.Ct. 219, 102 L.Ed.2d 210 (1988). As long as the union's decision was based on rational criteria, the employee's claim must fail. *Ratosky v. United Transp. Union*, 843 F.2d 869 (6th Cir. 1988).

To the extent plaintiff argues that the union's later decision to withdraw his case constitutes a breach, this argument also fails.[4]

As the uncontroverted affidavit of Steven R. Smith, director of labor relations of the NRLCA, makes clear, it was only after careful consideration of other similar cases, as well as the merits of plaintiff's own case, that the decision to withdraw the grievance from arbitration was made. *See also Vaca v. Sipes, supra,* 386 U.S. at 191, 87 S.Ct. at 917 (employees have no absolute right to have grievance taken to arbitration).

The role of summary judgment is " 'to pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial.' " *Mesnick v. General Elec. Co.,* 950 F.2d 816, 822 (1st Cir.1991) (quoting *Garside v. Osco Drug, Inc.,* 895 F.2d 46, 50 (1st Cir.1990)). The burden is upon the moving party to " 'show that there is no genuine issue as to any material fact and that [it] is entitled to a judgment as a matter of law,' " *id.* (quoting Rule 56(c), Fed.R.Civ.P.), and the court must view the entire record in the light most favorable to the nonmovant, " 'indulging all reasonable inferences in that party's favor,' " *id.* (quoting *Griggs–Ryan v. Smith,* 904 F.2d 112, 115 (1st Cir.1990)). However, once the moving party has made a properly supported motion for summary judgment, the adverse party "must set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 250, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986) (citing Rule 56(e), Fed.R.Civ.P.); *see also Mesnick, supra,* 950 F.2d at 822 ("Not every discrepancy in the proof is enough to forestall a properly supported motion for summary judgment; the disagreement must relate to some genuine issue of material fact."). The fact that both sides of the dispute have filed motions is not dispositive. The court must still make independent assessments of each. *El Dia, Inc., et al v. Rafael Hernandez Colon,* No. 91–1868, slip op. at 7 n. 4, 963 F.2d 488, 492 n. 4 (1st Cir. May 7, 1992) (citing *Griggs–Ryan, supra,* 904 F.2d at 115).

In the case at bar, the sheer volume of printed matter before the court does not alter the above calculus. Plaintiff has fallen far short of meeting his burden of setting forth facts showing a dispute relative to the Union's conduct. Simply because plaintiff describes the Union's conduct as "bad-faith" or "perfunctory" or "arbitrary" does not make it so without evidence of same. *See Kaiser v. USPS,* 785 F.Supp. 648, 660 (E.D.Mich.1992). Here, such evidence in support of plaintiff's claim is lacking.

Based on the foregoing, the court finds that plaintiff's claim against the NRLCA fails, as a matter of law. Therefore, the claim against USPS fails as well. *Teamsters v. Terry, supra,* 494 U.S. at 564, 110 S.Ct. at 1344; *Kaiser, supra,* 785 F.Supp. at 658. Meanwhile, the same record evidence upon which defendants rely to defeat plaintiff's motion also persuades the court that defendants' motions should be granted.

## Conclusion

For the reasons stated herein, plaintiff's motion for summary judgment (document no. 32) is denied; the motion for summary judgment on behalf of defendants NRLCA and Leo Root (document no. 62) is granted; defendant USPS's motion for summary judgment (document no. 42) is granted. The clerk of court shall enter judgment accordingly.

SO ORDERED.

---

**4.** This argument was not originally set forth by plaintiff, who began this case pro se. It first came to light in a pleading filed by plaintiff's counsel on March 3, 1992.