February 4, 1993 UNITED STATES COURT OF APPEALS

FOR THE FIRST CIRCUIT

No. 92-1796

RALPH J. MILLER, JR.,

Plaintiff, Appellant,

v.

UNITED STATES POSTAL SERVICE, ET AL.,

Defendants, Appellees.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW HAMPSHIRE

[Hon. Shane Devine, U.S. District Judge]

Before

Torruella, Circuit Judge,

Bownes, Senior Circuit Judge,

and Cyr, Circuit Judge.

Charles G. Douglas III, with whom Douglas & Douglas, was on

brief for appellant.
William B. Peer, with whom Barbara L. Camens, Barr, Peer,

Cohen & Camens, were on brief for appellee National Rural Letter

Carriers' Association (NRLCA).
Gretchen Leah Witt, Assistant United States Attorney, Chief,

Civil Division, with whom Jeffrey R. Howard, United States

Attorney, was on brief for appellee U.S. Postal Service.

TORRUELLA, Circuit Judge. Appellant Ralph J. Miller,

appeals from a summary judgment in an action under 39 U.S.C.

1208(b) (1980)1 for breach of contract against the United

States Postal Service ("Postal Service"), and for breach of duty

of fair representation against the National Rural Letter

Carrier's Association (the "Union"). This joint cause is

commonly referred to as a "hybrid" suit. See, e.g., Reed v.

United Transp. Union, 488 U.S. 319, 327 (1989). We affirm the

district court's judgment.

Appellant, a rural carrier, lost his job at the Postal

Service on May 21, 1986. As a member of the collective

bargaining unit, he filed a grievance under the collective

bargaining agreement between the Union and the Postal Service.

The matter culminated in arbitration, in which the arbitrator

found that the Postal Service fired appellant without just cause,

and ordered reinstatement and lost earnings. Approximately one

month after this ruling, the Postal Service reinstated appellant

1 Section 1208(b) provides:

Suits for violation of contracts between
the Postal Service and a labor
organization representing Postal Service
employees, or between any such labor
organization, may be brought in any
district court of the United States
having jurisdiction of the parties,
without respect to the amount in
controversy.

Because this language is identical in all relevant respects to
that of 301(a) of the Labor Management Relations Act, 24 U.S.C.
185(a) (West Supp. 1992), cases interpreting the latter apply
to 1208(b). Bowen v. United States Postal Serv., 459 U.S. 212,

232 n.2 (1983) (White, J., concurring in part and dissenting in
part).

but refused to afford him back pay. The Postal service based

this refusal on appellant's alleged failure to mitigate his

damages by attempting to obtain other employment during the

thirteen-month period of suspension as required by the Postal

Service's Employee and Labor Relations Manual (the "Manual").

Consequently, appellant filed a new grievance for back

pay which proceeded through the various contractual steps until

it reached national arbitration on July 28, 1989. In addition,

on July 10, 1990, appellant filed the present action in the

United States District Court for the District of New Hampshire.

The Union subsequently withdrew the grievance from arbitration.

Appellant initially proceeded pro se in his federal

court action against the Postal Service and the Union.2 A

series of amendments followed his original complaint.

Essentially, he alleged that: (1) the Postal Service failed to

abide by the arbitration award, and the Manual's mitigation

requirements conflict with the provisions of the collective

bargaining agreement; and (2) the Union was "either unwilling or

unable to recover [his] money."

The Postal Service counterattacked with its own motion

for summary judgment, which the Union joined. The motion

asserted that: (1) the collective bargaining contract

incorporated the Manual by reference; (2) the Manual required a

2 Although in one of the motions to amend his complaint
appellant stated that his "only dispute . . . [was] with his
employer," he later filed a motion for summary judgment accusing
the Union of breaching its duty of fair representation by failing
to "follow up on a lead" that he provided.

-3-

suspended employee to mitigate damages by seeking employment

during suspension or discharge; and (3) appellant failed to

mitigate his damages. Additionally, the Union asserted that its

decision to withdraw appellant's grievance for back pay "was made

for rational, nondiscriminatory reasons."

Appellant, by this time represented by counsel,

retorted that the Postal Service was "not entitled to a judgment

as a matter of law because the defense now asserted was not

raised in the underlying arbitration." With respect to the

Union, appellant maintained that it had treated his claim "in a

perfunctory manner" and that this conduct, coupled with the

three-year delay during which it failed to inform appellant of

alternate modes of relief, amounted to a breach of the Union's

duty of fair representation when it withdrew the grievance.

The district court's summary judgment for the Postal

Service is narrowly tailored and deserves our approval. To

succeed in a hybrid breach of contract and fair representation

claim, appellant must establish not only that the employer

breached the contract, but also that his union breached its duty

of fair representation. Teamsters v. Terry, 494 U.S. 558, 564

(1990); Hines v. Anchor Motor Freight, Inc., 424 U.S. 554, 570-71

(1976). These claims are "inextricably linked," Demars v.

General Dynamics Corp., 779 F.2d 95, 97 (1st Cir. 1985), and

failure to prove either one of them results in failure of the

entire hybrid action. See DelCostello v. Teamsters, 462 U.S.

151, 164-65 (1983).

-4-

The district court found no violation of the Union's

duty toward appellant, and we agree. A Union breaches this duty

"only when [its] conduct toward a member of the collective

bargaining unit is arbitrary, discriminatory, or in bad faith."

Vaca v. Sipes, 386 U.S. 171, 190 (1967); Williams v. Sea-Land

Corp., 844 F.2d 17, 19 (1st Cir. 1988). The Supreme Court

explained that a union's actions are arbitrary "only if, in

light of the factual and legal landscape at the time of the

union's actions, the union's behavior is so far outside a 'wide

range of reasonableness' as to be irrational." Air Line Pilots

Ass'n Int'l v. O'Neill, 111 S. Ct. 1127, 1130 (1991) (citations

omitted). Courts may not substitute their own views for those of

the union. "[A]ny substantial examination of a union's

performance . . . must be highly deferential," id. at 1135,

because of the well-recognized need to allow unions ample

latitude in the performance of their representative duties. See

Steelworkers v. Rawson, 495 U.S. 362, 374 (1990); Vaca, 386 U.S.

at 191-93. Thus, we have held that a union's mere negligence or

erroneous judgment will not constitute a breach of the duty of

fair representation. Condon v. United Steelworkers Local 2944,

683 F.2d 590, 594 (1st Cir. 1982). We also allow the union great

latitude in determining the merits of an employee's grievance and

the level of effort it will expend to pursue it. Torres-Matos v.

St. Lawrence Garment Co., 901 F.2d 1144, 1148 (1st Cir. 1990);

Williams, 844 F.2d at 21.

Accordingly, failure to take a grievance to arbitration

-5-

constitutes a breach of the duty of fair representation only when

the union's otherwise good faith decision is arbitrary. See

Col n-V lez v. Puerto Rico Marine Management, Inc., 957 F.2d 933,

941 (1st Cir. 1992); see also Vaca, 386 U.S. at 191 (employees

have no absolute right to have grievance taken to arbitration).

The undisputed facts establish that the Union initially

supported appellant's grievance regarding his back-pay claim. It

processed the grievance through the various contractual steps up

to national arbitration. Although the Union knew of appellant's

failure to mitigate, the Union believed that a genuine issue

existed regarding whether the mitigation requirements were

"punitive, unreasonable and in conflict with other provisions of

the National Agreement." It thus sought arbitration of

appellant's claim and continued to investigate the matter. As a

result of this investigation, the Union discovered that several

arbitrators had found mitigation requirements valid.

Accordingly, it decided that it was in everyone's best interests

to withdraw the grievance from arbitration.3 Before doing so,

however, it attempted, unsuccessfully, to negotiate a settlement

with the Postal Service. On November 8, 1990, the Union withdrew

the grievance.

Given these undisputed facts, we cannot conclude that

the Union's actions were irrational. Furthermore, nothing in the

3 To continue a meritless grievance adversely affects the
Union's credibility and finances. See Williams, 844 F.2d at 21;

Berrigan v. Greyhound Lines, Inc., 782 F.2d 295, 298 (1st Cir.

1986).

-6-

record intimates that the Union acted in a perfunctory or

arbitrary manner or in bad faith. If anything, the record

exhibits diligence and an attempt to make the best out of a

difficult situation. If the Union failed, it was not through

lack of effort, but rather because appellant's claim lacked

merit.

Finally, at oral argument appellant argued principally

that the Union violated its duty of fair representation by

failing to properly advise him of the Manual's mitigation

requirements. This is a new argument, never raised in the

district court. Appellant's change in direction has been a

recurrent theme throughout this litigation. See, e.g., Miller v.

United States Postal Serv., 792 F. Supp. 4, 6 n.4 (D.N.H. 1992).

If the argument was mistakenly overlooked during the pro se

stages of the case, appellant had ample opportunity, once

represented by counsel, to correct any earlier deficiencies. It

is now too late to do so; we cannot consider issues raised for

the first time on appeal. G.D. v. Westmoreland Sch. Dist., 930

F.2d 942, 950 (1st Cir. 1991); Johnston v. Holiday Inns, Inc.,

595 F.2d 890, 894 (1st Cir. 1979).4 After considering the other

issues raised by appellant, we find them equally insubstantial.

Thus, we need go no further; as appellant failed to make a case

4 Notably, appellant's new argument appears to lack merit
anyway. The failure to adequately notify its members of their
burden under the Collective Bargaining Agreement does not amount
to more than negligence. Mere negligence or a mistake in
judgment is insufficient to establish a breach of the union's
duty." Jenkins v. Great Lakes Plastics, Inc., 119 LRRM (BNA)

2191 (E.D. Mich. 1985).

-7-

against the Union, the symbiotic nature of the hybrid action

requires that we also reject the action against the Postal

Service.

Affirmed. Costs to appellees.

-8-