USCA1 Opinion

 

 February 4, 1993 UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT ____________________ No. 92-1796 RALPH J. MILLER, JR., Plaintiff, Appellant, v. UNITED STATES POSTAL SERVICE, ET AL., Defendants, Appellees. ____________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW HAMPSHIRE [Hon. Shane Devine, U.S. District Judge] ___________________ ____________________ Before Torruella, Circuit Judge, _____________ Bownes, Senior Circuit Judge, ____________________ and Cyr, Circuit Judge. _____________ _____________________ Charles G. Douglas III, with whom Douglas & Douglas, was on _______________________ _________________ brief for appellant. William B. Peer, with whom Barbara L. Camens, Barr, Peer, ________________ _________________ ___________ Cohen & Camens, were on brief for appellee National Rural Letter _______________ Carriers' Association (NRLCA). Gretchen Leah Witt, Assistant United States Attorney, Chief, __________________ Civil Division, with whom Jeffrey R. Howard, United States __________________ Attorney, was on brief for appellee U.S. Postal Service. ____________________ ____________________ TORRUELLA, Circuit Judge. Appellant Ralph J. Miller, ______________ appeals from a summary judgment in an action under 39 U.S.C. 1208(b) (1980)1 for breach of contract against the United States Postal Service ("Postal Service"), and for breach of duty of fair representation against the National Rural Letter Carrier's Association (the "Union"). This joint cause is commonly referred to as a "hybrid" suit. See, e.g., Reed v. ___ ____ ____ United Transp. Union, 488 U.S. 319, 327 (1989). We affirm the _____________________ district court's judgment. Appellant, a rural carrier, lost his job at the Postal Service on May 21, 1986. As a member of the collective bargaining unit, he filed a grievance under the collective bargaining agreement between the Union and the Postal Service. The matter culminated in arbitration, in which the arbitrator found that the Postal Service fired appellant without just cause, and ordered reinstatement and lost earnings. Approximately one month after this ruling, the Postal Service reinstated appellant ____________________ 1 Section 1208(b) provides: Suits for violation of contracts between the Postal Service and a labor organization representing Postal Service employees, or between any such labor organization, may be brought in any district court of the United States having jurisdiction of the parties, without respect to the amount in controversy. Because this language is identical in all relevant respects to that of 301(a) of the Labor Management Relations Act, 24 U.S.C. 185(a) (West Supp. 1992), cases interpreting the latter apply to 1208(b). Bowen v. United States Postal Serv., 459 U.S. 212, _____ __________________________ 232 n.2 (1983) (White, J., concurring in part and dissenting in part). but refused to afford him back pay. The Postal service based this refusal on appellant's alleged failure to mitigate his damages by attempting to obtain other employment during the thirteen-month period of suspension as required by the Postal Service's Employee and Labor Relations Manual (the "Manual"). Consequently, appellant filed a new grievance for back pay which proceeded through the various contractual steps until it reached national arbitration on July 28, 1989. In addition, on July 10, 1990, appellant filed the present action in the United States District Court for the District of New Hampshire. The Union subsequently withdrew the grievance from arbitration. Appellant initially proceeded pro se in his federal ___ __ court action against the Postal Service and the Union.2 A series of amendments followed his original complaint. Essentially, he alleged that: (1) the Postal Service failed to abide by the arbitration award, and the Manual's mitigation requirements conflict with the provisions of the collective bargaining agreement; and (2) the Union was "either unwilling or unable to recover [his] money." The Postal Service counterattacked with its own motion for summary judgment, which the Union joined. The motion asserted that: (1) the collective bargaining contract incorporated the Manual by reference; (2) the Manual required a ____________________ 2 Although in one of the motions to amend his complaint appellant stated that his "only dispute . . . [was] with his employer," he later filed a motion for summary judgment accusing the Union of breaching its duty of fair representation by failing to "follow up on a lead" that he provided. -3- suspended employee to mitigate damages by seeking employment during suspension or discharge; and (3) appellant failed to mitigate his damages. Additionally, the Union asserted that its decision to withdraw appellant's grievance for back pay "was made for rational, nondiscriminatory reasons." Appellant, by this time represented by counsel, retorted that the Postal Service was "not entitled to a judgment as a matter of law because the defense now asserted was not raised in the underlying arbitration." With respect to the Union, appellant maintained that it had treated his claim "in a perfunctory manner" and that this conduct, coupled with the three-year delay during which it failed to inform appellant of alternate modes of relief, amounted to a breach of the Union's duty of fair representation when it withdrew the grievance. The district court's summary judgment for the Postal Service is narrowly tailored and deserves our approval. To succeed in a hybrid breach of contract and fair representation claim, appellant must establish not only that the employer breached the contract, but also that his union breached its duty ____ of fair representation. Teamsters v. Terry, 494 U.S. 558, 564 _________ _____ (1990); Hines v. Anchor Motor Freight, Inc., 424 U.S. 554, 570-71 _____ __________________________ (1976). These claims are "inextricably linked," Demars v. ______ General Dynamics Corp., 779 F.2d 95, 97 (1st Cir. 1985), and _______________________ failure to prove either one of them results in failure of the entire hybrid action. See DelCostello v. Teamsters, 462 U.S. ___ ___________ _________ 151, 164-65 (1983). -4- The district court found no violation of the Union's duty toward appellant, and we agree. A Union breaches this duty "only when [its] conduct toward a member of the collective bargaining unit is arbitrary, discriminatory, or in bad faith." Vaca v. Sipes, 386 U.S. 171, 190 (1967); Williams v. Sea-Land ____ _____ ________ ________ Corp., 844 F.2d 17, 19 (1st Cir. 1988). The Supreme Court _____ explained that a union's actions are arbitrary "only if, in light of the factual and legal landscape at the time of the union's actions, the union's behavior is so far outside a 'wide range of reasonableness' as to be irrational." Air Line Pilots ________________ Ass'n Int'l v. O'Neill, 111 S. Ct. 1127, 1130 (1991) (citations ___________ _______ omitted). Courts may not substitute their own views for those of the union. "[A]ny substantial examination of a union's performance . . . must be highly deferential," id. at 1135, ___ because of the well-recognized need to allow unions ample latitude in the performance of their representative duties. See ___ Steelworkers v. Rawson, 495 U.S. 362, 374 (1990); Vaca, 386 U.S. ____________ ______ ____ at 191-93. Thus, we have held that a union's mere negligence or erroneous judgment will not constitute a breach of the duty of fair representation. Condon v. United Steelworkers Local 2944, ______ _______________________________ 683 F.2d 590, 594 (1st Cir. 1982). We also allow the union great latitude in determining the merits of an employee's grievance and the level of effort it will expend to pursue it. Torres-Matos v. ____________ St. Lawrence Garment Co., 901 F.2d 1144, 1148 (1st Cir. 1990); _________________________ Williams, 844 F.2d at 21. ________ Accordingly, failure to take a grievance to arbitration -5- constitutes a breach of the duty of fair representation only when the union's otherwise good faith decision is arbitrary. See ___ Col n-V lez v. Puerto Rico Marine Management, Inc., 957 F.2d 933, ___________ ___________________________________ 941 (1st Cir. 1992); see also Vaca, 386 U.S. at 191 (employees _________ ____ have no absolute right to have grievance taken to arbitration). The undisputed facts establish that the Union initially supported appellant's grievance regarding his back-pay claim. It processed the grievance through the various contractual steps up to national arbitration. Although the Union knew of appellant's failure to mitigate, the Union believed that a genuine issue existed regarding whether the mitigation requirements were "punitive, unreasonable and in conflict with other provisions of the National Agreement." It thus sought arbitration of appellant's claim and continued to investigate the matter. As a result of this investigation, the Union discovered that several arbitrators had found mitigation requirements valid. Accordingly, it decided that it was in everyone's best interests to withdraw the grievance from arbitration.3 Before doing so, however, it attempted, unsuccessfully, to negotiate a settlement with the Postal Service. On November 8, 1990, the Union withdrew the grievance. Given these undisputed facts, we cannot conclude that the Union's actions were irrational. Furthermore, nothing in the ____________________ 3 To continue a meritless grievance adversely affects the Union's credibility and finances. See Williams, 844 F.2d at 21; ___ ________ Berrigan v. Greyhound Lines, Inc., 782 F.2d 295, 298 (1st Cir. ________ _____________________ 1986). -6- record intimates that the Union acted in a perfunctory or arbitrary manner or in bad faith. If anything, the record exhibits diligence and an attempt to make the best out of a difficult situation. If the Union failed, it was not through lack of effort, but rather because appellant's claim lacked merit. Finally, at oral argument appellant argued principally that the Union violated its duty of fair representation by failing to properly advise him of the Manual's mitigation requirements. This is a new argument, never raised in the district court. Appellant's change in direction has been a recurrent theme throughout this litigation. See, e.g., Miller v. ___ ____ ______ United States Postal Serv., 792 F. Supp. 4, 6 n.4 (D.N.H. 1992). __________________________ If the argument was mistakenly overlooked during the pro se ___ __ stages of the case, appellant had ample opportunity, once represented by counsel, to correct any earlier deficiencies. It is now too late to do so; we cannot consider issues raised for the first time on appeal. G.D. v. Westmoreland Sch. Dist., 930 ____ ________________________ F.2d 942, 950 (1st Cir. 1991); Johnston v. Holiday Inns, Inc., ________ __________________ 595 F.2d 890, 894 (1st Cir. 1979).4 After considering the other issues raised by appellant, we find them equally insubstantial. Thus, we need go no further; as appellant failed to make a case ____________________ 4 Notably, appellant's new argument appears to lack merit anyway. The failure to adequately notify its members of their burden under the Collective Bargaining Agreement does not amount to more than negligence. Mere negligence or a mistake in judgment is insufficient to establish a breach of the union's duty." Jenkins v. Great Lakes Plastics, Inc., 119 LRRM (BNA) _______ ___________________________ 2191 (E.D. Mich. 1985). -7- against the Union, the symbiotic nature of the hybrid action requires that we also reject the action against the Postal Service. Affirmed. Costs to appellees. ________ -8-