USCA1 Opinion

 

 April 19, 1996 [NOT FOR PUBLICATION] UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT ____________________ No. 95-2152 ANDREW P. LORE, Plaintiff, Appellant, v. MARVIN T. RUNYON, POSTMASTER GENERAL, UNITED STATES POSTAL SERVICE AGENCY AND VINCENT SOMBROTTO, PRESIDENT NATIONAL ASSOCIATION OF LETTER CARRIERS, Defendants, Appellees. ____________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS [Hon. Reginald C. Lindsay, U.S. District Judge] ___________________ ____________________ Before Torruella, Chief Judge, ___________ Cyr and Stahl, Circuit Judges. ______________ ____________________ Andrew P. Lore on brief pro se. ______________ Donald K. Stern, United States Attorney, and George B. Henderson, _______________ ____________________ II, Assistant U.S. Attorney, on brief for Marvin T. Runyon, Postmaster __ General, appellee. Peter D. DeChiara, Cohen, Weiss and Simon, Christopher N. Souris, _________________ _______________________ _____________________ and Feinberg, Charnas & Birmingham, P.C. on brief for Vincent R. ______________________________________ Sombrotto, appellee. ____________________ ____________________ Per Curiam. Appellant Andrew Lore appeals from the __________ grant of summary judgment in favor of Marvin Runyon, Jr., the United States Postmaster General, and Vincent Sombrotto, President of the National Association of Letter Carriers (NALC). We affirm for the following reasons.  1. To the extent Lore's suit was based on the claim that the United States Postal Service failed to pay him fully for his military leave in 1993 and that NALC refused to arbitrate that issue, it was time-barred, as the district court correctly explained in its order dated September 15, 1995. We note as well that Lore offered no evidence showing that NALC's refusal to arbitrate was arbitrary, discriminatory or undertaken in bad faith. See Miller v. ___ ______ U.S. Postal Service, 985 F.2d 9, 11 (1st Cir. 1993) (a union ___________________ breaches its duty of fair representation only if its conduct is arbitrary, discriminatory or in bad faith) (quotation marks and citation omitted). To the contrary, NALC submitted evidence showing that its decision not to arbitrate was reasonable and undertaken in good faith. Hence, Lore's claims against appellees were meritless. See id. (a ___ ___ plaintiff's failure to establish the union's unfair representation defeats his connected breach of contract claim against his employer). 2. To the extent Lore's suit asserted that the Postal Service had breached its collective bargaining agreement by -2- deducting time spent on military leave from his annual leave without his prior consent and that NALC had not vigorously arbitrated that issue, it was dismissable for failure to exhaust available contractual remedies. See Hayes v. New ___ _____ ___ England Millwork Distributors, Inc., 602 F.2d 15, 18 (1st _____________________________________ Cir. 1979). At the time Lore filed suit, arbitration on the annual leave issue was pending. Lore has not described or documented any specific action or inaction by NALC which unreasonably delayed the arbitration and which might excuse his obligation to exhaust his contractual remedies. 3. Lore's claim of discrimination did not assert discrimination on the basis of a protected status, but amounted essentially to a claim that the Postal Service had treated him differently than it had treated another employee. Such a claim is not actionable. See Jensen v. Frank, 912 ___ ______ _____ F.2d 517, 520-21 (1st Cir. 1990). Affirmed.  _________ -3-