**Luis A. SUÁREZ, Plaintiff, Appellant,**

v.

**UNITED STATES POSTAL SERVICE,**
Employer; American Postal WOrkers
Union, Caribbean Area Local, d/b/a/
P/P area Local 1070; United States;
William J. Henderson, Postmaster
General, as representative of United
States Postal Service, Defendants, Ap-
pellees,

Migdalia Dell'Anno, Supervisor; Juan J.
Torres, Officer in Charge; Beda Ve-
lázquez–Olivencia, Labor Relations
Specialist, Defendants.

No. 02–1261.

United States Court of Appeals,
First Circuit.

June 27, 2003.

Benito Gutiérrez–Díaz, for appellant.

Stephan J. Boardman, with whom Eric
J. Scharf, Humberto S. García, United
States Attorney, and Fidel A. Sevillano
Del–Río, Assistant United States Attorney,
were on brief, for appellees United States
Postal Service, John E. Potter and United
States.

Arturo Luciano–Delgado, for appellee
American Postal Workers Union.

Before TORRUELLA, Circuit Judge,
COFFIN, Senior Circuit Judge, and
LIPEZ, Circuit Judge.

TORRUELLA, Circuit Judge.

Luis A. Suárez has been an employee of
the United States Postal Service ("USPS")
since 1986. In late 1995, he was placed in
a window clerk position, contingent upon
successful completion of a qualifying ex-

amination. He did not pass the examination and was terminated in March, 1997. Represented by the American Postal Workers Union ("Union"), Suárez filed a grievance. The Union pursued the matter to arbitration, where an arbitrator found that Suárez's removal violated the collective bargaining agreement ("CBA"). The arbitrator held:

> The Grievant shall be reinstated to the Postal Service with full seniority and with full back pay and all other benefits and entitlements. The Arbitrator directs the Postal Service to reassign the Grievant to a position for which he has the qualifications to perform the work either in the clerk craft or in the carrier craft.

Suárez was reinstated to the USPS as a part-time flexible letter carrier in late November, 1997.

After his reinstatement, the USPS asked Suárez to complete the forms necessary to process his back pay. Suárez delayed completion of these forms until July, 1998 because he was concerned that the USPS would offset his interim earnings. He eventually submitted the forms, and in June 1999, the USPS paid Suárez $32,331 in back pay, without any offset for interim earnings, and approximately $2,665 in interest.

Suárez filed another grievance regarding the position to which he was reinstated, and again prevailed. The arbitrator ordered the USPS to provide Suárez window clerk training, and Suárez was eventually made a window clerk.

Suárez filed suit in district court in July, 1998, claiming that the back pay amount was improperly computed and that the Union breached its duty of fair representation to him.[1] The district court found that Suárez had failed to exhaust his administrative remedies, and granted summary judgment in favor of the defendants. *Suárez v. U.S. Postal Serv.*, 178 F.Supp.2d 69, 70 (D.P.R.2001). We review that decision de novo. *Yohe v. Nugent*, 321 F.3d 35, 39 (1st Cir.2003).

Mindful that "an appellate court should refrain from writing at length to no other end than to hear its own words resonate," *Lawton v. State Mut. Life Assur. Co.*, 101 F.3d 218, 220 (1st Cir.1996), we affirm the district court's decision with only the following comments.

■ The CBA outlines a sweeping dispute resolution procedure to cover any "dispute, difference, disagreement or complaint between the parties related to wages, hours, and conditions of employment." Suárez's claims—whether he was sufficiently compensated and reinstated—are clearly the types of claims the parties intended to be settled by arbitration. Suárez cites *Brennan v. King*, 139 F.3d 258 (1st Cir.1998), for its proposition that arbitration decisions are final and binding, and asserts that his case only seeks enforcement of the arbitrator's decision. However, no arbitration decision has been reached regarding the amount or timeliness of back pay, and Suárez is therefore not yet permitted to seek redress in the courts. *Vaca v. Sipes*, 386 U.S. 171, 184, 87 S.Ct. 903, 17 L.Ed.2d 842 (1967) ("[I]f the wrongfully discharged employee himself resorts to the courts before the grievance procedures have been fully exhausted, the employer may well defend on the ground that the exclusive remedies provided by such a contract have not been exhausted.").

■ Finally, Suárez's suit against the Union also fails. He claims that the USPS

---

1. At oral argument, Suárez also claimed that the position to which he was reinstated is unsatisfactory. Suárez sought and ultimately received a window clerk position. He failed to elucidate why that is inadequate, and has therefore waived the argument. *See Twomey v. Delta Airlines Pilot Pension Plan*, 328 F.3d 27, 33 n.4 (1st Cir.2003).

breached the CBA and the Union breached its duty of fair representation; this is commonly referred to as a "hybrid" suit. *See Fant v. New Eng. Power Serv. Co.,* 239 F.3d 8, 14 (1st Cir.2001); *Miller v. U.S. Postal Serv.,* 985 F.2d 9, 10 (1st Cir.1993). If either claim fails, Suárez cannot prevail. *Miller,* 985 F.2d at 11. Although the claim against the USPS remains unexhausted, we can dispose of the hybrid claim on the merits based on the allegations against the Union. A Union breaches its duty only when its actions are " 'arbitrary, discriminatory, or in bad faith.' " *Id.* (quoting *Vaca,* 386 U.S. at 190). The Union had twice pursued a grievance action on behalf of Suarez. Here, Suárez did not ask the Union to seek enforcement of the arbitration awards; no rational factfinder could find that the Union acted irrationally or in bad faith. *See id.* at 11–12.

*Affirmed.*