# United States Court of Appeals
## For the First Circuit

No. 21-1632

BRANDON BARTH; MARK CAMPOPIANO; DAVID JUBINVILLE; JUSTIN
RUTKIEWICZ; RYAN SHORE,

Plaintiffs, Appellants,

v.

CITY OF CRANSTON, by and through its Treasurer David A. Capuano;
INTERNATIONAL BROTHERHOOD OF POLICE OFFICERS, LOCAL 301; MATTHEW
J. JOSEFSON,

Defendants, Appellees.

---

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

[Hon. John J. McConnell, Jr., U.S. District Judge]

---

Before

Barron, Chief Judge,
Selya and Howard, Circuit Judges.

---

Edward C. Roy, Jr. for appellants.
Vicki J. Bejma, with whom Robinson & Clapham were on brief,
for appellee City of Cranston.
Carly Beauvais Iafrate, with whom Law Office of Carly Beauvais
Iafrate, PC was on brief for appellees International Brotherhood
of Police Officers, Local 301 and Matthew J. Josefson.

---

August 11, 2022

---

**HOWARD**, **Circuit Judge**.  Brandon Barth, Mark Campopiano, David Jubinville, Justin Rutkiewicz, and Ryan Shore (collectively, "Plaintiffs"), sergeants in the City of Cranston Police Department, appeal the district court's grant of summary judgment in favor of the City of Cranston (the "City"), the International Brotherhood of Police Officers, Local 301 (the "Union"), and Matthew J. Josefson.  Plaintiffs argue that the district court erred in ruling against their hybrid breach of contract and fair representation claim against the City and the Union, their Takings Clause claim against the City, and their claim for declaratory relief against the City at summary judgment.  We affirm the district court's grant of summary judgment.

## I.

We briefly set forth the relevant facts; a fuller rendition can be found in the district court's opinion.  See Barth v. City of Cranston ex rel. Capuano, 552 F. Supp. 3d 235 (D.R.I. 2021).

This dispute stems from an incident in 2013, when City of Cranston Police Sergeant Josefson accepted a demotion in order to avoid facing disciplinary charges following an internal affairs investigation.  In 2016, Josefson sued the City in Rhode Island federal district court, alleging civil rights violations relating to the demotion.  In July 2016, Josefson and the City reached a settlement agreement (the "Settlement Agreement"), without the

participation of the Union, which involved the entry of a Consent Judgment and the reinstatement of Josefson to the rank of sergeant.

When Josefson was restored to the rank of sergeant, the police department employed twenty sergeants, though its collective bargaining agreement ("CBA") limited the number of sergeants to nineteen. The City decided to continue employing them all and to allow one position to go away through attrition.

Plaintiffs in this case were promoted to the rank of sergeant during the three-year period between Josefson's demotion and reinstatement, and Josefson's reinstatement moved them all down one position in sergeant rank seniority. Seniority rights impact the Plaintiffs' overtime, compensatory time, acting out of rank time, vacation picks, and attendance at trainings and schools. Plaintiffs pushed the Union to file a grievance on their behalf to have their seniority restored ahead of Josefson's. The Union refused to do so because it concluded, based on legal advice, that an arbitrator lacked the power to undo the Consent Judgment and reorder the sergeants' seniority. Plaintiffs then appealed to their national union, which denied the appeal.

The Union did, however, bring its own grievance, pressing the City to retain the twentieth sergeant position permanently. Following arbitration, the arbitrator found that the City had violated the CBA in "[r]eaching an agreement with a private attorney, without involving the Union" in the Josefson

matter. The arbitrator ordered the City to, inter alia, "bargain over the impact of the Consent Judgment to the extent that the subjects raised by the Union are mandatory subjects of bargaining." The City filed a petition in state court to vacate the award, which was denied in December 2019.

In the meantime, Plaintiffs brought suit in Rhode Island state court in December 2017. Upon the addition of a Takings Clause claim, the defendants removed the case to Rhode Island federal district court in March 2020. See 28 U.S.C. §§ 1331, 1441. In their Fourth Amended Complaint, Plaintiffs made the following claims: (1) Count One, seeking declaratory relief under Rhode Island's Uniform Declaratory Judgments Act, R.I. Gen. Laws § 9-30-1 to -16, against the City, (2) Count Two, breach of contract, against the City, (3) Count Three, breach of the duty of fair representation, against the Union, and (4) Count Four, violation of the Takings Clause, U.S. Const. amend. V, and the Rhode Island constitution, R.I. Const. art. I, § 16, against the City.

In July 2021, the district court heard argument on motions for summary judgment filed by the defendants. On August 2, 2021, the district court granted summary judgment in favor of the defendants on all counts. See Barth, 552 F. Supp. 3d at 237. The district court considered the breach of contract claim against the City and the breach of duty of fair representation claim against the Union together, as a hybrid claim, meaning that if

- 4 -

Plaintiffs could not prove one of the claims, both would fail. It held that Plaintiffs had not made the minimal showing necessary to warrant a jury trial that the Union had acted in bad faith, discriminatorily, or otherwise arbitrarily. Because the fair representation claim failed, so too did the breach of contract claim and the request for declaratory judgment. Id. at 239-40. As to the Takings Clause claim, the district court found that it failed because there was no evidence that the Plaintiffs' seniority rights were taken for the public use, and because a mere expectation of seniority rights was not property. Id. at 240.

Plaintiffs timely appealed the grant of summary judgment.

## II.

Our review of a grant of summary judgment is de novo, and the record is examined in the light most favorable to the non-moving parties. See Hardy v. Loon Mountain Recreation Corp., 276 F.3d 18, 20 (1st Cir. 2002). "Summary judgment is appropriate if the record shows that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law." Id.; see also Fed. R. Civ. P. 56(a).

1. Hybrid Fair Representation and Breach of Contract Claim

Plaintiffs' joint cause of action against the City for breach of contract and the Union for breach of the duty of fair representation is commonly referred to as a "hybrid" claim. Miller

v. U.S. Postal Serv., 985 F.2d 9, 10 (1st Cir. 1993); MacQuattie v. Malafronte, 779 A.2d 633, 636 & n.3 (R.I. 2001) (noting that "Rhode Island's labor relations laws parallel federal statutes" and citing to federal case law concerning hybrid claims).  The two claims are "inextricably linked," meaning that if Plaintiffs fail to prove one of them, the other must also fail.  Miller, 985 F.2d at 11 (quoting Demars v. Gen. Dynamics Corp., 779 F.2d 95, 97 (1st Cir. 1985)).  We conclude that the district court properly granted summary judgment with respect to the fair representation claim, so we do not consider the breach of contract claim.

"[A]s the exclusive bargaining representative," the Union has a statutory duty "to serve the interests of all members without hostility or discrimination toward any, to exercise its discretion with complete good faith and honesty, and to avoid arbitrary conduct."  Vaca v. Sipes, 386 U.S. 171, 177 (1967).  In order to make out a claim for a union's breach of this duty of fair representation, Plaintiffs must show that the Union "act[ed] discriminatorily, in bad faith, or arbitrarily toward a union member."  Emmanuel v. Int'l Bhd. of Teamsters, Loc. Union No. 25, 426 F.3d 416, 420 (1st Cir. 2005).  "Any substantive examination of a union's performance . . . must be highly deferential, recognizing the wide latitude that negotiators need for the effective performance of their bargaining responsibilities."  Air Line Pilots Ass'n, Int'l v. O'Neill, 499 U.S. 65, 78 (1991).

Plaintiffs argue that the Union had a duty, after the arbitrator ruled in favor of the Union's grievance, to bargain with the City over their seniority rights. They argue that they have set forth facts showing that the Union bargained in only a "perfunctory" manner. Plaintiffs rely on Penntech Papers, Inc. v. NLRB for the proposition that the Union had a duty to bargain over their seniority rights "in a meaningful manner and at a meaningful time." 706 F.2d 18, 26 (1st Cir. 1983) (quoting First Nat'l Maint. Corp. v. NLRB, 452 U.S. 666, 682 (1981)).

None of the evidence set forth by Plaintiffs would permit a reasonable jury to conclude that the Union acted in a manner that was discriminatory, in bad faith, or arbitrary. In Vaca, the Supreme Court stated that "a union may not arbitrarily ignore a meritorious grievance or process it in perfunctory fashion," 386 U.S. at 191, but there is no evidence that the Union here did so. When Plaintiffs filed their grievance, the Union opted not to pursue it based on its understanding of legal advice that an arbitrator would not be able to alter the terms of the Consent Judgment. As the Union points out, the Union's assessment as to whether the Consent Judgment could be altered by an arbitrator did not even need to be correct to defeat a fair representation claim; it is sufficient that the evidence shows that the Union investigated the grievance and made a rational decision as to whether to pursue it. See Emmanuel, 426 F.3d at 421; see also

Bryan v. Am. Airlines, Inc., 988 F.3d 68, 75 (1st Cir.) ("[M]ere negligence or erroneous judgment does not constitute a breach of the duty of fair representation."), cert. denied, 141 S. Ct. 2803 (2021).

Nothing about the arbitrator's findings affects the rationality of the Union's decision not to press Plaintiffs' seniority rights with the City. Indeed, the arbitrator's decision states that "[w]hile the parties may have no authority to alter the Court Judgment, they do have the ability to negotiate other matters," which is in accordance with the Union's view that any remedy would have to be consistent with the Consent Judgment. Moreover, the arbitrator ordered the City to bargain with the Union, not the other way around. Plaintiffs doubtless would have preferred the Union to bargain over reordering the sergeants' seniority, but "disappointment, without more, does not give rise to a claim against the Union for breach of its duty of fair representation." Williams v. Sea-Land Corp., 844 F.2d 17, 21 (1st Cir. 1988).

2. Takings Clause Claim

The Takings Clause states that "private property" shall not "be taken for public use, without just compensation." U.S. Const. amend. V; see also R.I. Const. art. I, § 16 ("Private property shall not be taken for public uses, without just compensation."). The Takings Clause applies to the states through

the Fourteenth Amendment.  See Hoffman v. City of Warwick, 909 F.2d 608, 615 (1st Cir. 1990).  Plaintiffs argue that they had property rights in their seniority, which the City took without just compensation.

"[F]ederal constitutional law determines whether the interest created by the state rises to the level of 'property,' entitled to the various protections of the Fifth and Fourteenth Amendments."  Id.  The Takings Clause protects only vested property interests, not mere expectancies.  Id. at 616.  In Hoffman, this court found that "any expectancy that seniority enhancement . . . would continue to exist d[oes] not give rise to a property right protected by the Takings Clause."  Id.  Plaintiffs argue that Hoffman is distinguishable because, in that case, there was no contractual right to seniority enhancements, whereas Plaintiffs' seniority is conferred by the CBA.  However, Plaintiffs do not point to authority showing that they have a vested property interest in seniority conferred by the CBA.[1]

Rather, this circuit has held that "[s]eniority, like any other benefit deriving exclusively from collective bargaining

_____

[1]    Plaintiffs cite two cases, neither of which is on point in light of more directly applicable precedent.  The first is Hebert v. City of Woonsocket ex rel. Baldelli-Hunt, 213 A.3d 1065 (R.I. 2019), which is a case regarding health insurance payments for retirees that was decided under the Contracts Clause.  The second is Ruckelshaus v. Monsanto Co., 467 U.S. 986 (1984), a case decided under the Takings Clause about intellectual property, which did not involve a collective bargaining agreement.

agreements, does not vest in employees." Wightman v. Springfield Terminal Ry. Co., 100 F.3d 228, 232 (1st Cir. 1996). This is because "seniority rights are subject to revision or even abrogation with the termination or renegotiation of the collective bargaining agreement." Id.; see also Hass v. Darigold Dairy Prods. Co., 751 F.2d 1096, 1099 (9th Cir. 1985) ("[S]eniority rights are creations of the collective bargaining agreement, and so may be revised or abrogated by later negotiated changes in this agreement. Employee seniority rights are not 'vested' property rights . . . ."); Oddie v. Ross Gear & Tool Co., 305 F.2d 143, 149 (6th Cir. 1962).

Further, that the City is a party to the CBA does not lend constitutional dimension to this action. "[A] simple breach of contract does not amount to an unconstitutional deprivation of property." Redondo-Borges v. U.S. Dep't of Hous. & Urb. Dev., 421 F.3d 1, 10 (1st Cir. 2005). Even if the City did breach the CBA in entering into the Settlement Agreement without consulting with the Union, "the existence of a state contract, simpliciter, does not confer upon the contracting parties a constitutionally protected property interest." Id. Since Plaintiffs have not demonstrated that they have a constitutionally backed property interest, their Takings Clause claim must fail.

3.  Declaratory Judgment Claim

Plaintiffs argue that the district court erred in not granting declaratory relief pursuant to Rhode Island's Uniform Declaratory Judgments Act to vacate the seniority portion of the Consent Judgment. Under Rhode Island law, the "purely discretionary" decision to grant or deny declaratory relief is reviewed "with an eye to whether the court abused its discretion, misinterpreted the applicable law, overlooked material facts, or otherwise exceeded its authority." Sullivan v. Chafee, 703 A.2d 748, 751 (R.I. 1997). There was no such abuse of discretion in this case.

The district court did not err in refusing to vacate the portion of the Consent Judgment restoring Josefson's seniority ahead of Plaintiffs'. A court may set aside a judgment in order "to remedy a 'grave miscarriage of justice.'" Gillis v. Chase, 894 F.3d 1, 3 (1st Cir. 2018) (quoting Fontanillas-Lopez v. Morell Bauzá Cartagena & Dapena, LLC, 832 F.3d 50, 63 n.12 (1st Cir. 2016)). Federal Rule of Civil Procedure 60(d) states that a court also may "entertain an independent action to relieve a party from a judgment, order, or proceeding," "grant relief . . . to a defendant who was not personally notified of the action," or "set aside a judgment for fraud on the court."[2]  None of these

---

[2]  The rules for setting aside a judgment in equity in Rhode Island are similar. See Sloat v. City of Newport ex rel. Sitrin,

- 11 -

situations here applies.  As outlined above, there has been no miscarriage of justice.  Plaintiffs requested that the Union file a grievance on their behalf, as they were entitled to do, and the Union did not breach its duty of fair representation towards them in declining to pursue it.  Nor do any of the situations set forth in Federal Rule of Civil Procedure 60(d) apply to Plaintiffs, as they were not parties to the action between the City and Josefson and they have not alleged a fraud on the court.

In support of their argument, Plaintiffs contend that the City improperly amended the CBA by entering into the Settlement Agreement with Josefson and allowing him to receive seniority for the years in which he was demoted.  They further argue that this "amendment" to the CBA effected by the Consent Judgment is not valid because any such amendment must be ratified by the City Council, which did not ratify the Consent Judgment in this case. A purported breach of contract, however, is not an amendment to the contract.  Plaintiffs also argue that seniority must take

---

19 A.3d 1217, 1222 (R.I. 2011) ("A party seeking relief from a judgment via an independent action in equity must satisfy all the following traditional elements: '(1) a judgment which ought not, in equity and good conscience, to be enforced; (2) a good defense to the alleged cause of action on which the judgment is founded; (3) fraud, accident, or mistake which prevented the defendant in the judgment from obtaining the benefit of his defense; (4) the absence of fault or negligence on the part of the defendant; and (5) the absence of any adequate remedy at law.'" (emphasis omitted) (quoting Allstate Ins. Co. v. Lombardi, 773 A.2d 864, 873 (R.I. 2001))).

- 12 -

precedence over a settlement agreement, citing <u>U.S. Airways, Inc.</u> <u>v. Barnett</u>, 535 U.S. 391 (2002). <u>Barnett</u> concerns the interaction between seniority and reasonable accommodations under the Americans with Disabilities Act, <u>id.</u> at 393-94, and has no relevance to the instant case.

**<u>Affirmed</u>**.