# United States Court of Appeals
## For the First Circuit

No. 15-1326

LOURDES DEL ROSARIO FONTANILLAS-LOPEZ,

Plaintiff, Appellant,

MILDRED M. LOPEZ-MARTINEZ; LUIS A. FONTANILLAS-PINO,

Plaintiffs,

v.

MORELL BAUZÁ CARTAGENA & DAPENA, LLC; PEDRO A. MORELL-LOSADA;
ANTONIO BAUZÁ SANTOS; EDGARDO CARTAGENA-SANTIAGO; RAMÓN E.
DAPENA-GUERRERO; LOURDES M. VÁZQUEZ,

Defendants, Appellees.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

[Hon. Juan M. Pérez-Giménez, U.S. District Judge]

Before

Kayatta and Barron, Circuit Judges,
and McAuliffe,* District Judge.

Roberto Márquez-Sánchez on brief for appellant.
Rosangela Sanfilippo-Resumil on brief for appellees.

---

* Of the District of New Hampshire, sitting by designation.

August 5, 2016

**KAYATTA**, <u>Circuit Judge</u>.  In March 2012, Lourdes del Rosario Fontanillas-Lopez ("Fontanillas") filed sex discrimination claims under federal and Puerto Rico law against her former employer, Morell Bauzá Cartagena & Dapena, LLC ("MBCD"), and several individual defendants.  Following discovery, the district court granted summary judgment in favor of MBCD on Fontanillas's federal claims and, having dismissed all of Fontanillas's other claims, later awarded attorneys' fees to the defendants. Fontanillas moved for relief from the summary judgment order and for reconsideration of the fees award.  The district court denied both motions.  On appeal, Fontanillas challenges the denial of both motions, as well as the denial of her request to exceed the normal page limits in filing those motions.  She also directly challenges the award of attorneys' fees to the defendants.  For the following reasons, we affirm.

## I.  Background

Fontanillas began working as an attorney in MBCD's Tax Department in January 2009.[1]  <u>Fontanillas-Lopez</u> v. <u>Morel Bauza Cartagena & Dapena LLC</u> ("<u>Fontanillas I</u>"), 995 F. Supp. 2d 21, 28 (D.P.R. 2014).  Fontanillas's supervisor soon grew concerned with Fontanillas's poor relationships with her female co-workers,

---

[1] At that time, MBCD was operating under a different name. <u>Fontanillas-Lopez</u> v. <u>Morel Bauza Cartagena & Dapena LLC</u>, 995 F. Supp. 2d 21, 28 (D.P.R. 2014).  For simplicity, we refer to Fontanillas's former employer as MBCD throughout.

substandard work performance, and failure to comply with MBCD rules.  Id. at 40.  On the supervisor's recommendation, MBCD's capital partners decided in August 2011 to terminate Fontanillas. Id.  Several months later, Fontanillas filed a complaint against MBCD and its co-owners and administrator in federal district court.[2]  Fontanillas's complaint raised sexual harassment, gender discrimination, and retaliation claims under Puerto Rico law and Title VII of the federal Civil Rights Act of 1964, 42 U.S.C. §§ 2000e et seq., as well as claims sounding in Puerto Rico employment and tort law.

Almost a year into the proceedings, during the course of discovery, the individual defendants moved to dismiss the federal claims against them.  The district court granted this motion over Fontanillas's opposition, leaving MBCD as the lone remaining defendant on Fontanillas's federal claims.  Several months thereafter, the defendants moved for summary judgment on all remaining claims.  In a thorough written opinion, the district court granted summary judgment in favor of MBCD on Fontanillas's federal claims and dismissed Fontanillas's supplemental claims under Puerto Rico law without prejudice.  Fontanillas I, 995 F. Supp. 2d at 53.

---

[2] Fontanillas's parents were also initially plaintiffs in this suit.  However, at the parents' request, the district court dismissed all their claims with prejudice.

Following entry of judgment on February 7, 2014, the defendants moved for attorneys' fees. The district court, in a November 18, 2014, written opinion, accepted the defendants' argument that Fontanillas had continued to litigate even after she had been "duly apprised" during the course of discovery that "her claims were devoid of any merit." Fontanillas-Lopez v. Morel Bauza Cartagena & Dapena LLC ("Fontanillas II"), 59 F. Supp. 3d 420, 425 (D.P.R. 2014). In consequence, the district court found Fontanillas liable to the defendants for the $53,662.50 in attorneys' fees they had accrued following the point at which, in the district court's estimation, Fontanillas should have been aware that she held a losing hand. Id. at 427.

On December 16, 2014, Fontanillas filed a 40-page motion for reconsideration of the attorneys' fees award under Federal Rule of Civil Procedure 59(e)[3] ("the Rule 59(e) motion") and a motion for relief from the underlying summary judgment order under Federal Rule of Civil Procedure 60(b) ("the Rule 60(b) motion"), the latter of which was accompanied by a 39-page memorandum.[4]

_____

[3] Fontanillas characterized this motion as a motion pursuant to "Federal Rule of Civil Procedure 59 and/or 60." We construe the motion to be a motion to alter or amend the judgment pursuant to Federal Rule of Civil Procedure 59(e). See Marie v. Allied Home Mortg. Corp., 402 F.3d 1, 7 (1st Cir. 2005).

[4] MBCD observes that certain exhibits were in fact filed on December 17, 2014, which fell outside the 28-day period following the attorneys' fees award that constituted the only window within which a Rule 59(e) motion as to that award could be filed. See Fed. R. Civ. P. 59(e). But these exhibits were filed in connection

Because these filings exceeded the 25-page limit applicable to certain motions and memoranda under the district court's local rules, see D.P.R. Civ. R. 7(d), Fontanillas filed a contemporaneous motion for leave to submit filings in excess of the allowed pages. On January 23, 2015, the district court denied Fontanillas leave to exceed the page limits and so struck her Rule 59(e) motion and her Rule 60(b) motion, with its accompanying memorandum, from the record. The order denying leave invited Fontanillas to re-file compliant motions, which she did six days later, on January 29, 2015.[5]

While awaiting decision on these motions, Fontanillas filed on February 23, 2015, a notice of appeal as to the November 18, 2014, award of attorneys' fees and the January 23, 2015, denial of leave to file in excess of the local page limits.

---

with Fontanillas's Rule 60(b) motion, which was not constrained by the same filing deadline. See id. 60(c). Accordingly, we need not address the consequence, if any, of a tardy exhibit filed appurtenant to a timely motion.

[5] Fontanillas does not explain her assumption that her filings were subject to the 25-page limit applicable under the local rules to "motions to dismiss, for judgment on the pleadings, requesting summary judgment, for injunctive relief, or appeals from a decision by a magistrate judge," and not to the 15-page limit applicable to "[n]on-dispositive motions and memoranda or oppositions to those motions." D.P.R. Civ. R. 7(d). Neither the defendants nor the district court intimated below that Fontanillas's newly filed Rule 59(e) motion and memorandum in support of the Rule 60(b) motion, which were twenty-five and twenty pages, respectively, were overlength, so we, like Fontanillas, assume that her January 29, 2015, filings were compliant.

Just after the initial appellate briefing schedule had been set, the district court issued an opinion and order on September 30, 2015, denying Fontanillas's Rule 59(e) and 60(b) motions. Fontanillas-Lopez v. Morel Bauza Cartagena & Dapena LLC ("Fontanillas III"), 136 F. Supp. 3d 152, 160 (D.P.R. 2015). Fontanillas then timely amended her notice of appeal to include challenges to these denials. In all, Fontanillas asks us to review four of the district court's rulings: (1) the denial of leave to submit filings in excess of the local page limits; (2) the award of attorneys' fees to the defendants; (3) the denial of her Rule 59(e) motion to reconsider that award; and (4) the denial of her Rule 60(b) motion for relief from the underlying summary judgment order. We consider these rulings in turn.

## II. Analysis

### A. Leave to Exceed Local Page Limits

Fontanillas's first claim of error is that the district court abused its discretion in declining to allow her Rule 59(e) motion and the memorandum in support of her Rule 60(b) motion to exceed the page limits established by the district court's local rules. Fontanillas recognizes that district courts' "broad latitude in administering local rules" entitles those courts "to demand adherence to specific mandates contained in th[ose] rules." Air Line Pilots Ass'n v. Precision Valley Aviation, Inc., 26 F.3d 220, 224 (1st Cir. 1994). But Fontanillas seeks to turn this broad

discretion to her advantage, arguing that because the District of Puerto Rico's local rules permit a district court to waive the applicable page limits "by prior leave," D.P.R. Civ. R. 7(d), the district court here had "ample latitude" to allow her overlength filings.

Fontanillas's argument flips abuse-of-discretion review on its head by suggesting that we may reverse the district court merely because it could have exercised its "ample latitude" differently. This is not the prerogative of an appellate court. Cf. NEPSK, Inc. v. Town of Houlton, 283 F.3d 1, 7 (1st Cir. 2002) (finding it "within the district court's discretion" to enforce local rules where "the result does not clearly offend equity"). Fontanillas did not offer the district court any reason to grant an exception to the usual page restrictions beyond the bare assertion that her arguments required her to "address numerous issues of fact and quote extensively from the evidence in the case." Nor does Fontanillas provide a more robust explanation on appeal as to why she required the extra pages she sought. Instead, she observes that the district court had previously granted the defendants' motion to file an overlength motion for summary judgment and suggests that "[w]hat's good for the goose, is good for the gander." The district court, though, was within its discretion to find that the defendants, having the burden of persuasion in trying to prove a negative (i.e., that there are no

- 8 -

disputed issues of material fact supportive of a discrimination claim) and the need to anticipate arguments that might or might not be made in response, presented a more persuasive case for an exception to the usual page limits than did Fontanillas.  Under these circumstances, the district court did not abuse its wide discretion in holding Fontanillas to the default standards the local rules establish as appropriate for the typical litigant.

## B.  Attorneys' Fees

### 1.  Jurisdiction

Fontanillas next appeals both the award of attorneys' fees to the defendants and the district court's denial of her Rule 59(e) motion for reconsideration of that award.  The defendants accept that this court has jurisdiction over the latter appeal but argue that we do not have jurisdiction over the former.  This distinction could matter:  on appeal from the denial of a Rule 59(e) motion, it is not fully settled to what extent the reviewing court may revisit the underlying judgment, see McKenna v. Wells Fargo Bank, N.A., 693 F.3d 207, 213-14 & n.5 (1st Cir. 2012), and, in any event, "Rule 59(e) relief is granted sparingly, and only when 'the original judgment evidenced a manifest error of law, if there is newly discovered evidence, or in certain other narrow situations,'" Biltcliffe v. CitiMortgage, Inc., 772 F.3d 925, 930 (1st Cir. 2014) (quoting Global Naps, Inc. v. Verizon New Eng., Inc., 489 F.3d 13, 25 (1st Cir. 2007)); see also Ira Green,

Inc. v. Military Sales & Serv. Co., 775 F.3d 12, 28 (1st Cir. 2014) ("[R]evising a final judgment [pursuant to Rule 59(e)] is an extraordinary remedy . . . .").

Whether we have jurisdiction to entertain the merits of Fontanillas's challenge to the attorneys' fees award turns on whether the notice of appeal seeking review of that award was timely. A civil appellant must typically file a notice of appeal "within 30 days after entry of the judgment or order appealed from." Fed. R. App. P. 4(a)(1)(A). The district court entered its order granting attorneys' fees to the defendants on November 18, 2014, and Fontanillas filed her notice of appeal as to that order on February 23, 2015--well outside the usual 30-day window. Without more, this timeline would defeat our jurisdiction over the appeal. See McKenna, 693 F.3d at 213 ("[I]t is settled that a civil appeal filed out of time is barred, [and] that the error in timing cannot be waived . . . .").

There is a relevant exception, however. When a litigant files a timely Rule 59(e) motion asking the district court to reconsider a judgment, "the time to file an appeal" of the underlying judgment "runs . . . from the entry of the order disposing of" the Rule 59(e) motion. Fed. R. App. P. 4(a)(4)(A)(iv). Here, Fontanillas filed a Rule 59(e) motion within the requisite 28 days, see Fed. R. Civ. P. 59(e), after entry of the fees award. The district court then "dispos[ed] of," Fed. R.

App. P. 4(a)(4)(A)(iv), that timely motion on January 23, 2015, by rejecting it as overlength, and Fontanillas filed her notice of appeal of the underlying fees award within 30 days of that disposition. It would seem, then, that Fontanillas has appropriately availed herself of an exception to the normal jurisdictional window for appeal.

The defendants nonetheless respond that when the district court rejected Fontanillas's timely filed Rule 59(e) motion as overlength, it struck that motion from the record entirely. By taking this step, the defendants argue, the district court created a record that treated Fontanillas's Rule 59(e) motion as though it had never been filed and, in so doing, rendered Fontanillas's submission of that timely but noncompliant motion incapable of having delayed, or "tolled," the beginning of the 30-day appeal window triggered by the November 18, 2014, fees award. Because we have already upheld the district court's decision to restrict Fontanillas's timely but noncompliant Rule 59(e) motion to the ordinarily applicable page limits, and because Fontanillas raises no challenge to the district court's act of striking that motion as the specific means of enforcing its decision, the determinative question is whether, as defendants urge, the order striking Fontanillas's timely motion from the record vitiated the tolling effect that the motion would have had if the district court

- 11 -

had simply denied it, whether on the merits or for noncompliance with the local rules, without striking it.

At first glance, our decision in <u>Air Line Pilots Ass'n v. Precision Valley Aviation, Inc.</u>, 26 F.3d 220 (1st Cir. 1994), would seem to suggest so. In <u>Air Line Pilots</u>, the appellant had filed a timely Rule 59(e) motion in the district court, seeking reconsideration of a summary judgment order. <u>Id.</u> at 222. The motion, however, failed to comply with an applicable local rule. <u>Id.</u> The clerk of court refused to accept the noncompliant motion for filing, and the district court endorsed the clerk of court's exclusion of the motion from the record. <u>Id.</u> Although the appellant then submitted a compliant Rule 59(e) motion, the statutory window for filing original Rule 59(e) motions had closed in the interim, and the district court rejected the compliant motion as untimely. <u>Id.</u> at 222-23.

The appellant filed a notice of appeal as to the underlying summary judgment order within 30 days of the order rejecting the compliant but untimely Rule 59(e) motion (though not within 30 days of the summary judgment order itself nor of the district court's endorsement of the clerk's exclusion of the noncompliant filing from the record). <u>Id.</u> at 223. We held that we lacked jurisdiction over the appeal. <u>Id.</u> at 226. An untimely Rule 59(e) motion does not toll the 30-day window for filing an appeal, <u>id.</u> at 223-24, and we held that the untimely Rule 59(e)

- 12 -

motion could not relate back to the filing date of the timely but noncompliant Rule 59(e) motion because--critically--that earlier motion, having never become part of the record, was "a nullity," id. at 225.

The defendants seize upon this characterization of a motion that never became part of the record and seek to extend it to a motion that was filed and then later struck. But central to the reasoning in Air Lines Pilots was a critical factor altogether absent here. Specifically, the New Hampshire Local Rules at issue in Air Line Pilots expressly stated that "[t]he Clerk shall not accept any motions not in compliance with procedures outlined in these Rules." Id. at 224 n.5 (alteration in original) (quoting D.N.H. Civ. R. 11(a)(1) (1994)). That provision, we found, both confirmed that "the local rules do not accord a noncompliant motion any force or effect," id. at 225, and provided an "explicit[] warn[ing]" or "red flag[]" for litigants as to the inevitable consequence of noncompliance, id. at 224. Eliminating any "lingering doubt" as to the local rules' treatment of noncompliant motions was the district court's statement in its order refusing the noncompliant motion "that the old motion was dead and that a new motion, having a new filing date, would be required." Id. at 225.

Here, in contrast, there is nothing in Puerto Rico's local rules warning a litigant that an overlength motion or, for

- 13 -

that matter, an otherwise noncompliant motion, such as a motion that lacks page numbers or a motion that is not "stapled or otherwise attached," D.P.R. Civ. R. 7(d), is to be given no tolling effect whatsoever, even if initially accepted for filing. Nor did the district court construe the local rules to require as much. The district court's order striking Fontanillas's noncompliant Rule 59(e) motion reads:

> ORDER denying . . . Motion for Leave to File motion in excess of pages allowed by local rule [7(d)]. [Fontanillas's Rule 59(e) motion, as well as her Rule 60(b) motion and accompanying memorandum] are hereby stricken from the record. Should the plaintiff wish to re-file these motions, they must comply with the local rules' page limit.

Nothing in this order implies that the motion was wholly without effect during the period it sat, as in fact filed, under the district court's consideration.

That said, Air Line Pilots did suggest in dicta that New Hampshire's local rules may not have been dispositive to that case's outcome. The Air Line Pilots court observed that the local rule directing the clerk of court to refuse any noncompliant filings was in tension with a then-current provision of the Federal Rules of Civil Procedure--substantially identical to today's Rule 5(d)(4)--which provided that "[t]he clerk shall not refuse to accept for filing any paper presented for that purpose solely because it is not presented in proper form as required by [the

Federal Rules of Civil Procedure] or any local rules or practices." Air Line Pilots, 26 F.3d at 227 n.7 (alteration in original) (quoting Fed. R. Civ. P. 5(e) (1994)). Observing that the appellant had waived any reliance on the federal rule, the court nevertheless opined in dicta that this waiver was likely harmless because the district court's endorsement of the clerk's refusal to file the noncompliant motion "le[ft] the record in essentially the same posture as though the motion had been received and then stricken." Id. The court thus implied that, even had the appellant successfully challenged New Hampshire's local rule, the district court would have had authority to nullify the noncompliant Rule 59(e) motion and that striking the motion from the record would have been equivalent to doing so.

Whatever the force of this dicta, it was issued in the context of a different jurisdictional question than the one we face here. In Air Line Pilots, the appellant had not filed a notice of appeal within 30 days of the district court's endorsement of the clerk's refusal to file the noncompliant Rule 59(e) motion. It was therefore immaterial whether that endorsement was itself an "order disposing of," Fed. R. App. P. 4(a)(4)(A), a Rule 59(e) motion: even had we found it to be such an order, such that it-- rather than the underlying summary judgment order--triggered the onset of the 30-day window for appeal, the appellant's notice of appeal would have been untimely regardless. Accordingly, the

- 15 -

appellant in Air Line Pilots relied instead on the argument that a later-filed compliant motion could relate back to the date of a timely but noncompliant motion that had not become part of the record, and it was this argument that Air Line Pilots rejected.

We need not determine, then, whether Air Line Pilots' rejection of that argument controls where, as here, there is no local rule providing that a noncompliant motion is a nullity or indeed where the district court specifically invites re-filing after striking a noncompliant motion. Cf. Lexon Ins. Co. v. Naser, 781 F.3d 335, 339–40 (6th Cir. 2015) (an invited revision of a timely but noncompliant Rule 59(e) motion related back to the filing date of the original, noncompliant motion, even though that original motion had been stricken from the record). Even assuming that it does, the district court's order rejecting Fontanillas's Rule 59(e) motion for its noncompliance with the local rules was an "order disposing of" that motion, Fed. R. App. P. 4(a)(4)(A)(iv), notwithstanding the fact that the order "dispos[ed] of" the Rule 59(e) motion by, in particular, striking it from the record. Interpreting the order not as a disposition of a botched motion but rather as some sort of incantation that not only voided the noncompliant Rule 59(e) motion's future effects but also conclusively established that the motion had never existed in the first place would render the order striking that nonexistent motion a logical incongruity and, more importantly, would allow

metaphysical niceties to deprive the parties of a resolution on the merits. See Krupski v. Costa Crociere S. p. A., 560 U.S. 538, 550 (2010) (describing "the preference expressed in the Federal Rules of Civil Procedure in general . . . for resolving disputes on their merits").[6]

We therefore hold that, at least barring any sort of contrary contextual indicators in the local rules or in the district court's interpretation of those rules, a district court's order striking a Rule 59(e) motion from the record for noncompliance with local rules is an order disposing of that motion, such that the order's entry represents the beginning of the 30-day window for appealing the judgment that forms the underlying subject of the Rule 59(e) motion. Therefore, Fontanillas's noncompliant Rule 59(e) motion of December 16, 2014, tolled the onset of the 30-day window for appeal of the attorneys' fees award until the district court disposed of that motion by striking it from the record on January 23, 2015. As a result,

---

[6] We recognize that the Sixth Circuit's opinion in Lexon Insurance Co. v. Naser, 781 F.3d 335 (6th Cir. 2015), declined to treat a district court's order striking a noncompliant Rule 59(e) motion as an order "disposing of" that motion where the order invited re-filing and so "lacked the requirements of finality integral to an order 'disposing of' a motion," id. at 339. Lexon, however, rejected the proposition that we here assume to be true --that even an expressly invited revision of a timely but noncompliant motion that has been struck from the record does not relate back to the date of the original, timely motion, see id. at 339-40--so that case's persuasive force is correspondingly attenuated.

Fontanillas's February 23, 2015, notice of appeal as to the fees award was timely filed, and, our jurisdiction assured, we may now turn to the merits of that appeal.

## 2. Merits

The default rule in American litigation is that all litigants must pay their own attorneys' fees. See Christiansburg Garment Co. v. EEOC, 434 U.S. 412, 415 (1978). Title VII, however, overrides the default by expressly providing that "[i]n any action or proceeding under [Title VII] the court, in its discretion, may allow the prevailing party . . . a reasonable attorney's fee (including expert fees) as part of the costs." 42 U.S.C. § 2000e-5(k). Fontanillas does not dispute that the defendants were the "prevailing part[ies]," id., in her discrimination suit. Therefore, in line with the text of Title VII, we ask whether the district court acted within its discretion in awarding attorneys' fees to the prevailing defendants. See EEOC v. Caribe Hilton Int'l, 821 F.2d 74, 76 (1st Cir. 1987) (per curiam).

The Supreme Court has provided specific guidance as to "what standard should inform a district court's discretion in deciding whether to award attorney's fees to a successful defendant in a Title VII action." Christiansburg Garment Co., 434 U.S. at 417 (emphasis omitted). Because excessive generosity toward prevailing defendants would "substantially add to the risks inhering in most litigation and would undercut the efforts of

- 18 -

Congress to promote the vigorous enforcement of the provisions of Title VII" by discouraging private plaintiffs, "a plaintiff should not be assessed his opponent's attorney's fees unless a court finds that his claim was frivolous, unreasonable, or groundless, or that the plaintiff continued to litigate after it clearly became so." Id. at 422. Thus, "an award of fees in favor of a prevailing plaintiff in a civil rights suit is 'the rule, whereas fee-shifting in favor of a prevailing defendant is the exception.'" Lamboy-Ortiz v. Ortiz-Vélez, 630 F.3d 228, 236 (1st Cir. 2010) (quoting Casa Marie Hogar Geriatrico, Inc. v. Rivera-Santos, 38 F.3d 615, 618 (1st Cir. 1994)).

In finding that this case was such an exception, the district court did not express the view that Fontanillas's suit was frivolous when filed. See Fontanillas II, 59 F. Supp. 3d at 423. Rather, it determined that this case was among the "rare occasions," Lamboy-Ortiz, 630 F.3d at 241, in which litigation that was not necessarily frivolous at the outset continued past the moment at which it became clear that the claims asserted were "frivolous and without foundation," Fontanillas II, 59 F. Supp. 3d at 425. That revelatory moment, according to the district court, was the taking of Fontanillas's deposition testimony.[7] Id.

---

[7] Although Fontanillas's deposition on October 3 and 4, 2012, was the point beyond which the district court found continued litigation to be frivolous, the defendants requested fees only for work done after December 17, 2012, the date of a letter they sent

With the arguable exception of several beside-the-point and underdeveloped assertions made in appealing the denial of her Rule 60(b) motion, Fontanillas offers no challenge to the district court on this point. Making no merits-based argument against the district court's finding that her deposition testimony revealed her suit to be frivolous, she simply warns against "the understandable temptation to engage in post hoc reasoning by concluding that, because a plaintiff did not ultimately prevail, his action must have been unreasonable or without foundation." Christiansburg Garment Co., 434 U.S. at 421-22. But Fontanillas gives us no reason to think that the district court engaged in such ex post thinking, as she does not even attempt to explain why, viewed ex ante, her case appeared sufficiently well founded to merit continued litigation following her deposition. Certainly, Fontanillas contends generally that her case might have prevailed had it not foundered on the district court's "harsh application of a Local Rule that excluded [her] otherwise valid evidence to controvert MBCD's allegedly uncontested facts," but her appellate brief does not specifically reference a single piece

---

Fontanillas's counsel to point out the implications of Fontanillas's deposition. The district court, then, used the date of the letter rather than the dates of the deposition in calculating the fees award. See Fontanillas II, 59 F. Supp. 3d at 426.

of excluded evidence that would have strengthened her case, and we have found none.

Instead, Fontanillas seems to argue that the district court abused its discretion by impermissibly basing its fees award in part on her conduct during discovery and not on the frivolity of her claims or, alternatively, by using fee-shifting as a substitute for sanctions. See Indep. Fed'n of Flight Attendants v. Zipes, 491 U.S. 754, 761 (1989) ("[U]nless the plaintiff's action is frivolous a district court cannot award fees to the prevailing Title VII defendant."); Fed. R. Civ. P. 11(c)(5)(A) (court may not impose monetary sanctions on a represented party for advancing claims that are unwarranted by existing law). But although the district court made passing reference to Fontanillas's litigation conduct and other factors, such as her refusal to voluntarily dismiss her federal claims against the individual defendants, it is clear from the district court's opinion that the basis for the fees award was its view that "Fontanillas was duly apprised that her claims were devoid of any merit" following her deposition and that she nonetheless "continued to vexatiously and unreasonably litigate a claim that, after the taking of her deposition, had clearly become frivolous and without foundation." Fontanillas II, 59 F. Supp. 3d at 425.

Again eschewing any argument as to the non-frivolity of her discrimination claims, Fontanillas next contests the notion

- 21 -

that she sought to continue litigating, pointing to a voluntary motion to dismiss with prejudice she submitted on October 7, 2013, after the district court, having made a "perfunctory review" of the defendants' summary judgment motion, had "forewarned [her] of the possibility that her claims be summarily dismissed and that attorney fees be awarded to the Defendants upon dismissal" if the district court determined that those claims were frivolous.  Id. at 424.  Fontanillas concedes that the district court acted within its discretion in denying her motion to dismiss at that late stage, but she argues that, in light of her willingness to accept a dismissal with prejudice, it was an abuse of discretion to determine that she acted inappropriately in continuing to litigate the case after the district court had essentially refused to allow her to surrender.

Assuming that we would ordinarily agree that a plaintiff may not be saddled with her opponents' attorneys' fees for continuing to litigate after her unconditional motion to voluntarily dismiss with prejudice is denied, the problem for Fontanillas is that she did not simply move to dismiss with prejudice.  Rather, she moved to dismiss "with prejudice and without the imposition of costs, expenses or attorney's fees." (Emphasis supplied.)  In essence, Fontanillas told the district court, "I will continue to litigate these frivolous claims unless the defendants surrender any argument that my litigation of the

- 22 -

claims to date has been frivolous." Cf. Fid. Guar. Mortg. Corp. v. Reben, 809 F.2d 931, 937 (1st Cir. 1987) (plaintiff's "decision to terminate an ill conceived and wrongly prosecuted law suit cannot serve to limit the consequences of a course of action [she] initiated and persistently followed"). The district court did not abuse its discretion in finding that Fontanillas's conspicuously conditional offer to discontinue litigation of claims it found to be "frivolous, unreasonable, or groundless" was tantamount to "continu[ing] to litigate" those claims. Christiansburg Garment Co., 434 U.S. at 422.

Having thus failed to demonstrate any abuse of discretion, Fontanillas mounts an alternative attack on the fees award, arguing that at least a portion of the award in MBCD's favor is barred as a matter of law by the Supreme Court's decision in Kay v. Ehrler, 499 U.S. 432 (1991), which held that pro se litigants, including attorneys who represent themselves, cannot seek attorneys' fees under the Civil Rights Attorney's Fees Awards Act of 1976, see id. at 437-38. Because one of the two attorneys representing MBCD in this litigation, Rosangela Sanfilippo-Resumil ("Sanfilippo"), was "a salaried associate of . . . MBCD,"

Fontanillas argues, "MBCD was representing itself" through Sanfilippo and so has no claim to compensation for her work.[8]

This argument fails. Sanfilippo was not among the individual named MBCD defendants, and as for Fontanillas's argument that Sanfilippo's status as an MBCD employee rendered MBCD a pro se litigant in this case, Kay itself provides that "an organization is not comparable to a pro se [individual] litigant because the organization is always represented by counsel, whether in-house or pro bono, and thus, there is always an attorney-client relationship."  Id. at 436 n.7.  Accordingly, every circuit we know to have considered the issue has determined that Kay does not prohibit the award of fees to an attorney who represents his or her own law firm.  See Treasurer, Trs. of Drury Indus., Inc. Health Care Plan & Tr. v. Goding, 692 F.3d 888, 897–98 (8th Cir. 2012) (fees under the Employee Retirement Income Security Act); Baker & Hostetler LLP v. U.S. Dep't of Commerce, 473 F.3d 312, 315 (D.C. Cir. 2006) (fees under the Freedom of Information Act); Bond v. Blum, 317 F.3d 385, 398–400 (4th Cir. 2003) (fees under the Copyright Act), abrogated on other grounds by Kirtsaeng v. John Wiley & Sons, Inc., 136 S. Ct. 1979, 1983 (2016); cf. also Gold, Weems, Bruser, Sues & Rundell v. Metal Sales Mfg. Corp., 236 F.3d

---

[8] Of the $53,662.50 in attorneys' fees awarded to the defendants, $49,500.00 was attributable to Sanfilippo's work. Fontanillas II, 59 F. Supp. 3d at 427.

214, 218-19 (5th Cir. 2000) (relying on Kay to find that a law firm litigant may collect attorneys' fees for its employees' work under a Louisiana state statute). We agree with our sister circuits' straightforward reading of Kay and see no reason, moreover, not to apply Kay's generally applicable reasoning in the Title VII context. We therefore hold that MBCD was not prohibited as a matter of law from seeking attorneys' fees for the work Sanfilippo contributed to this litigation.

Having considered and rejected all of Fontanillas's arguments to the contrary, we hold that the district court acted within its discretion in awarding attorneys' fees to the prevailing defendants.[9] And in light of that determination, we further hold that the district court acted within its discretion in declining to overturn that fees award in response to Fontanillas's Rule 59(e) motion for consideration. Despite our ruling here, however, we sound a reminder that "decisions to grant defendants their fees"

_____

[9] Aside from her categorical challenge to the portion of the fees award corresponding to Sanfilippo's work--a challenge we have now rejected--Fontanillas does not appear to challenge the district court's calculation of the amount owed. She does vaguely insinuate that Sanfilippo "never billed the firm nor was paid by them" and that the fees award therefore does not accurately represent the defendants' legal expenses. Beyond the patent incredibility of Fontanillas's unsupported suggestion that Sanfilippo was not being compensated for her work on behalf of MBCD, Fontanillas offers no developed argument as to why the district court erred in coming to the opposite conclusion. She has therefore waived any argument to that effect. See United States v. Zannino, 895 F.2d 1, 17 (1st Cir. 1990).

- 25 -

in the Title VII context "are, and should be, rare." Tang v. State of R.I., Dep't of Elderly Affairs, 163 F.3d 7, 13 (1st Cir. 1998). While "one relevant factor" in determining whether a prevailing defendant is entitled to attorneys' fees is whether the plaintiff has managed to put forward a prima facie case of discrimination, Foster v. Mydas Assocs., Inc., 943 F.2d 139, 144 (1st Cir. 1991), the mere fact that a plaintiff fails to do so on summary judgment does not imply that the plaintiff's decision to continue litigation up to the summary judgment stage has been "frivolous, unreasonable, or groundless," Christiansburg Garment Co., 434 U.S. at 422. Indeed, this court on occasion reverses grants of summary judgment to defendants in discrimination cases. See, e.g., Burns v. Johnson, No. 15-1982, 2016 WL 3675157, at *1 (1st Cir. July 11, 2016); Reyes-Orta v. P.R. Highway & Transp. Auth., 811 F.3d 67, 70 (1st Cir. 2016); Soto-Feliciano v. Villa Cofresí Hotels, Inc., 779 F.3d 19, 22 (1st Cir. 2015); García-González v. Puig-Morales, 761 F.3d 81, 84 (1st Cir. 2014); Acevedo-Parrilla v. Novartis Ex-Lax, Inc., 696 F.3d 128, 131 (1st Cir. 2012). In this particular case, the district court expressly acknowledged the need for "[g]reat caution" in making awards of this type. Fontanillas II, 59 F. Supp. 3d at 423 (alteration in original) (quoting Lamboy-Ortiz, 630 F.3d at 241). And, as we have noted, Fontanillas does not offer any substantive challenge to the district court's determination that her deposition testimony revealed her claims to

- 26 -

be frivolous.  We can therefore affirm the award as within the district court's discretion without in any way implying that the standard for making such awards is at all loosened.

## C.  Denial of Relief from Summary Judgment

Finally, Fontanillas contends that the district court erred in declining to grant her Rule 60(b) motion for relief from the summary judgment order issued in the defendants' favor.[10]  This claim, argued in cursory fashion, is meritless.  "[R]elief under Rule 60(b) is extraordinary in nature and . . . motions invoking that rule should be granted sparingly."  Rivera-Velázquez v. Hartford Steam Boiler Inspection & Ins. Co., 750 F.3d 1, 3 (1st Cir. 2014) (quoting Karak v. Bursaw Oil Corp., 288 F.3d 15, 19 (1st Cir. 2002)).  Moreover, we review a district court's decision

---

[10] The district court ruled on Fontanillas's Rule 60(b) motion after she had already filed a notice of appeal in this court. Typically, "[t]he filing of a notice of appeal is an event of jurisdictional significance--it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." Griggs v. Provident Consumer Disc. Co., 459 U.S. 56, 58 (1982) (per curiam).  Under the Federal Rules of Appellate Procedure, however, a notice of appeal filed while a Rule 60(b) motion is outstanding in the district court "becomes effective" only once that motion is resolved. Fed. R. App. P. 4(a)(4)(B)(i); see also Fed. R. App. P. 4(a)(4) advisory committee's note to 1993 amendment ("A notice [of appeal] filed . . . after the filing of a motion [such as a Rule 60(b) motion] but before disposition of the motion is, in effect, suspended until the motion is disposed of . . . .").  The district court therefore acted within its jurisdiction in denying Fontanillas's Rule 60(b) motion and, consequently, we have jurisdiction over Fontanillas's properly noticed, see Fed. R. App. P. 4(a)(4)(B)(ii), appeal of that denial.

to grant or withhold such exceptional relief for abuse of discretion, see id. at 4, "revers[ing] only if it plainly appears that the court below committed a meaningful error of judgment," West v. Bell Helicopter Textron, Inc., 803 F.3d 56, 66 (1st Cir. 2015) (quoting Anderson v. Cryovac, Inc., 862 F.2d 910, 923 (1st Cir. 1988)).

Rule 60(b) allows a court to "relieve a party . . . from a final judgment, order, or proceeding" for a number of specified reasons. Fed. R. Civ. P. 60(b). Among those reasons are "fraud . . . , misrepresentation, or misconduct by an opposing party," id. 60(b)(3), and "mistake," id. 60(b)(1). Fontanillas argues that such circumstances arose in her case. The district court disagreed, see Fontanillas III, 136 F. Supp. 3d at 157–60, and we see no error, meaningful or otherwise, in its judgment.

As for fraud, misrepresentation, or misconduct under Rule 60(b)(3), Fontanillas pointed below to a number of supposedly bad-faith factual denials and supposedly perjured statements made by the defendants during the course of litigation. The district court found that, even if Fontanillas had successfully adduced the requisite clear and convincing evidence of her opponents' misconduct, see Anderson, 862 F.2d at 926, she had not shown how any such misconduct had substantially inhibited her from "fully and fairly preparing her case," Fontanillas III, 136 F. Supp. 3d at 158; see also Karak, 288 F.3d at 21–22 ("When a party is capable

of fully and fairly preparing and presenting his case notwithstanding the adverse party's arguable misconduct, the trial court is free to deny relief under Rule 60(b)(3)."). She makes no effort at such a showing on appeal, and so she has waived the opportunity to do so. See Karak, 288 F.3d at 21 (burden is on movant to demonstrate that alleged misconduct substantially interfered with the movant's ability to prepare the case).[11]

As for mistake under Rule 60(b)(1), Fontanillas pointed to a laundry list of alleged errors the district court made in its admission and consideration of certain evidence and in its application of certain legal principles.[12] The district court, however, understood Fontanillas simply to be "rehash[ing]"

---

[11] Fontanillas also briefly suggests that relief is warranted under Rule 60(d)(3), which permits a court to "set aside a judgment for fraud on the court." Fed. R. Civ. P. 60(d)(3). Assuming that Fontanillas has not waived this claim for lack of development, she has failed to make any demonstration that Rule 60(d)(3)'s requirement of "an unconscionable scheme or the most egregious conduct designed to corrupt the judicial process" has been satisfied here. Irving v. Town of Camden, No. 12-1850, 2013 WL 7137518, at *1 (1st Cir. Apr. 17, 2013) (quoting Roger Edwards, LLC v. Fiddes & Son Ltd., 427 F.3d 129, 133 (1st Cir. 2005)).

[12] Before the district court, Fontanillas suggested that her claims of judicial mistake also provided grounds for relief under Rule 60(d)(1), which permits a court to "entertain an independent action to relieve a party from a judgment, order, or proceeding." Fed. R. Civ. P. 60(d)(1). She does not cite this provision on appeal, and it would be unavailing in any event, as she has not sufficiently argued the sort of "grave miscarriage of justice" that would justify a Rule 60(d) action. LinkCo, Inc. v. Naoyuki Akikusa, 367 F. App'x 180, 182 (2d Cir. 2010) (unpublished opinion) (quoting United States v. Beggerly, 524 U.S. 38, 47 (1998)).

- 29 -

arguments from her opposition to the motion for summary judgment, and alternatively, advanc[ing] theories that could have been set forth for the court's consideration a[t] that procedural juncture." Fontanillas III, 136 F. Supp. 3d at 159. While that observation alone provided valid grounds for the district court to deny extraordinary relief under Rule 60(b), we further observe that this circuit does not understand Rule 60(b)(1)'s reference to "mistake" to include a district court's mistaken ruling on a point of law. See Hoult v. Hoult, 57 F.3d 1, 5 (1st Cir. 1995); Silk v. Sandoval, 435 F.2d 1266, 1268 (1st Cir. 1971) (rejecting an interpretation of Rule 60(b)(1) that would cause it to overlap with a movant's ability to correct legal error through a Rule 59(e) motion for reconsideration).

Finding no merit in any of Fontanillas's underdeveloped claims under Rule 60,[13] we affirm the district court's rejection of those claims.

### III. Conclusion

Finding that Fontanillas has failed to show that the district court abused its discretion in holding her to the local rules' ordinary page limits, in awarding attorneys' fees to the prevailing defendants, or in rejecting her motions to set aside

---

[13] Fontanillas makes no argument that the district court improperly rejected her additional request for relief under the catch-all provision of Rule 60(b)(6), see Fontanillas III, 136 F. Supp. 3d at 159–60, so we deem that request abandoned.

the summary judgment order and the fees award, we <u>affirm</u>.  Costs
to defendants.