# United States Court of Appeals
## For the First Circuit

No. 17-1533

GEORGE W. GILLIS,

Plaintiff, Appellant,

v.

WILLIAM G. CHASE,

Defendant, Appellee.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

[Hon. Allison D. Burroughs, U.S. District Judge]

Before

Torruella, Boudin, and Lynch,
Circuit Judges.

Edward J. McCormick, III and McCormick & Maitland on brief
for appellant.
Jeremy I. Silverfine, Deidre Brennan Regan, Leonard H.
Kesten, and Brody, Hardoon, Perkins & Kesten, LLP on brief for
appellee.

June 25, 2018

**BOUDIN**, **Circuit Judge**.  The present appeal stems from the dismissal of a complaint by the district court filed by George Gillis against William Chase.  The origin of the controversy lies well in the past, separated from this case by related prior litigation brought by Gillis.

On December 9, 2008, Gillis, operating a truck at a construction site in Westwood, Massachusetts, struck and fatally injured one Edward Hansen, who was videotaping the scene.  Gillis, who seems to have been backing up at the time, was later charged with motor vehicle homicide in state court, but was acquitted after a trial.  Gillis then sought vindication in two further lawsuits.

The first, Gillis I, brought under 42 U.S.C. § 1983 in the federal district court in Massachusetts, charged William Chase, Westwood Police Chief when Hansen's death occurred, and William Keating, then-Norfolk County District Attorney, with constitutional violations.  Gillis v. Keating, No. 11-10736, 2012 WL 772716 (D. Mass. Mar. 7, 2012).  Gillis claimed that the defendants violated his constitutional rights by knowingly charging him with a crime without probable cause.  The district court, in a memorandum describing Gillis' claims as flimsy, dismissed the case without discovery or trial for failure to state a claim and, as to Keating, as barred by prosecutorial immunity.

In September 2012, Gillis filed a new action, Gillis II, in state court against the Norton Police Chief, Brian Clark, and

a member of the Norton Board of Selectmen, Robert Kimball. The case, after being removed to federal court, was dismissed on summary judgment. Gillis v. Clark, No. 12-12043 (D. Mass. Aug. 25, 2014), aff'd, No. 14-2018 (1st Cir. 2015). Gillis says Hansen's death and Gillis' acquittal were not the focus of this second case, but that discovery in that case prompted his next step.

Gillis' new complaint in the federal district court in Massachusetts, Gillis III, against Chase alone sought to reopen Gillis I. Gillis v. Chase, No. 16-11451, 2017 WL 1535082 (D. Mass. Apr. 27, 2017). Relying in part on evidence supposedly unearthed in Gillis II, Gillis now claims that Chase, as the investigating officer, conspired to charge Gillis in the criminal case as a result of undue influence exerted by the Norton Police Chief, Clark.

The new complaint invoked Fed. R. Civ. P. 60, which permits relief from a judgment or order on specified grounds, id. at 60(b), subject to various time limits, id. at 60(c). Rule 60 does not preclude an independent action--in "equity"--to relieve a party from an earlier judgment, order, or proceeding, id. at 60(d)(1), nor does it limit a court's power to set aside a judgment for fraud on the court, id. at 60(d)(3).

The grounds for relief asserted in Gillis III were not straightforward. The complaint alleged that Gillis I should not

have been dismissed; that Chase had a discussion or discussions with Clark about the criminal investigation involving Gillis; that evidence of such a discussion or discussions (but not their full content) emerged in Gillis II; and that had discovery been allowed in Gillis I, that case would not have been dismissed.

On April 27, 2017, the district court issued a memorandum and order granting Chase's motion to dismiss. The order found that Gillis III was time-barred, whether treated under Rule 60(b) or as an independent action. Additionally, the court ruled that the claims did not rise to the level of "fraud on the court," which was a precondition to one of Gillis' theories, and that Gillis' complaint failed to state a claim upon which relief can be granted. This appeal followed.

When a jury acquits a truck driver who struck and killed a pedestrian, one suspects that the truck driver had some facts on his side, and Gillis--who certainly knows what went on in his own trial for vehicular homicide--says that Hansen was facing away from his truck and was not wearing his hearing aids. Gillis' theory in Gillis I, it appears, was that (1) Chase and Keating had no proper basis for fostering the criminal prosecution (Gillis leaves obscure Chase's precise role) and (2) that to knowingly prosecute a defendant without probable cause is itself a due process violation. But Gillis says nothing to clarify the

prosecution's case presented during his criminal trial or to show that it was hopelessly weak.

Instead, Gillis here asserts that discovery in <u>Gillis II</u> revealed that some interaction between Chase and Clark occurred (not described in detail by Gillis). But, Gillis still offers nothing to suggest that the criminal prosecution lacked any basis or that <u>Gillis I</u> was wrongly dismissed. Indeed, Gillis' brief admits that Chase testified that "Clark did not offer an opinion as to Mr. Gillis" during their conversation.

Nor does the acquittal--with conviction requiring the higher standard of proof beyond a reasonable doubt--establish that Chase lacked the requisite probable cause to support a charge against Gillis. No one knows at the charging stage what evidence will emerge during a trial or how effective counsel will be; and no one can predict how an unknown jury will react especially where, as here, both Gillis and Hansen may have been at fault.

Against this background, we turn first to the Rule 60 claims. Rule 60(b) sets the terms for relief by motion from a final judgment, order, or proceeding, where the motion does not rest on clerical errors and the like that fall under Rule 60(a). Fed. R. Civ. P. 60(a)-(b). For relief under Rule 60(b)(1), (2) and (3)--covering claims of mistake, inadvertence, surprise, or excusable neglect; newly discovered evidence; and fraud, misrepresentation, or misconduct by an opposing party--the motion

must be made within a reasonable time and "no more than a year" after the entry of the judgment, order, or the date of the proceeding.  Id. at 60(b)(1)-(3), (c)(1).  As the district court found, the order dismissing Gillis I was entered on March 7, 2012; Gillis III was not filed until July 12, 2016.[1]

The court held that even if Gillis' claims were not premised on a ground upon which the one-year bar operated, Gillis III--filed more than four years after the conclusion of Gillis I and over twenty-one months after the depositions in Gillis II-- was not filed within a "reasonable time" as required by Rule 60(c)(1).  See Bouret-Echevarría v. Caribbean Aviation Maint. Corp., 784 F.3d 37, 43-44 (1st Cir. 2015) (collecting cases).  We agree.

Gillis relies also on Rule 60(d)(1) and (3), which say that Rule 60 does not limit the court's power to entertain an independent action or to set aside a judgment for "fraud on the court" itself--as opposed to fraud worked by one side on the other. Fed. R. Civ. P. 60(d)(1),(3).

---

[1] Three other reasons for relief under Rule 60(b) are exempted from the one-year limit, but none of the three is invoked or could be invoked by Gillis.  Id. at 60(b)(4)-(6).  Two--Rule 60(b)(4) and (b)(5)--are not pertinent.  As to Rule 60(b)(6)--"any other reason that justifies relief"--the word "other" excludes the very claim of new evidence that permeates Gillis' rendition.  See Liljeberg v. Health Servs. Acquisition Corp., 486 U.S. 847, 863 (1988).

Rule 60(d)(1) is not an affirmative grant of power; it merely underscores that Rule 60 does not limit a court's pre-existing power in equity to entertain an independent action, United States v. Beggerly, 524 U.S. 38, 45 (1998), to remedy a "grave miscarriage of justice," Fontanillas-Lopez v. Morell Bauzá Cartagena & Dapena, LLC, 832 F.3d 50, 63 n.12 (1st Cir. 2016) (citations omitted); see also Mitchell v. Rees, 651 F.3d 593, 595 (6th Cir. 2011) (citations omitted). Gillis does not come close to meeting this standard. Perhaps conscious of this, Gillis' brief only passingly refers to his Rule 60(d)(1) argument in a parenthetical.

Gillis also invokes Rule 60(d)(3), but, as the district court explained, fraud on the court requires interference with the judicial process itself, such as bribery of a judge. See Roger Edwards, LLC v. Fiddes & Son Ltd., 427 F.3d 129, 133 (1st Cir. 2005) (citations omitted); see also Fontanillas-Lopez, 832 F.3d at 63 n.11 (citations omitted). Again, Gillis has nothing colorable to say.

Lastly, the district court said that Gillis did not state a viable claim under 42 U.S.C. § 1983. Gillis' theory was that Clark violated his due process rights by supporting the motor vehicle homicide charge absent probable cause. But an Assistant Clerk-Magistrate in the state court held an evidentiary hearing and made a probable cause finding. Indeed, Clark's own state of

mind was arguably irrelevant to the inquiry.  <u>See</u> <u>Devenpeck</u> v. <u>Alford</u>, 543 U.S. 146, 153 (2004).  Agreeing with the district court's analysis, we sustain its ruling that Gillis' complaint fails to state a claim upon which relief can be granted.

The district court judgment is **<u>affirmed</u>**.  Costs are awarded to Chase.