# United States Court of Appeals
## For the First Circuit

No. 25-1219

ANN MARIE MACCARONE,

Plaintiff, Appellant,

v.

SIEMENS INDUSTRY, INC.,

Defendant, Appellee.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

[Hon. John J. McConnell, Jr., U.S. District Judge]

Before

Gelpí, Lynch, and Howard,
Circuit Judges.

Sonja Linnea Deyoe and Law Offices of Sonja L. Deyoe on brief
for appellant.

Jillian S. Folger-Hartwell, Dimitrios Markos, and Littler
Mendelson, on brief for appellee.

January 29, 2026

**GELPÍ**, **Circuit Judge**. This dispute stems from a disregarded settlement agreement. Plaintiff-Appellant Ann Marie Maccarone brought suit in the Rhode Island Superior Court for alleged violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq., and of Rhode Island wage and hour laws by her former employer, Defendant-Appellee Siemens Industry, Inc. ("Siemens"). On June 15, 2020, Siemens removed the case to the United States District Court for the District of Rhode Island. On December 15, 2023, at the close of discovery, the district court granted in part and denied in part Siemens' motion for summary judgment, leaving only Maccarone's FLSA claims for trial, and subsequently scheduled jury selection and empanelment to begin on April 29, 2024.

On March 6, 2024, the parties and counsel participated in a court annexed settlement conference before a magistrate judge, with Maccarone appearing by Zoom, and reached an oral settlement agreement. The magistrate judge recited the essential terms of the agreement on the record, as captured by the recording of the conference. Those terms included that Siemens would pay Maccarone a sum certain within approximately thirty days after execution of the settlement paperwork; that the settlement agreement would include non-defamation, no-rehire, and confidentiality provisions; that the case would be dismissed with prejudice, with each party to bear its own fees and costs; and that there would be a full

release of all claims. Counsel for both parties orally agreed on the record with the magistrate judge's recitation. The district court placed a recording of the settlement conference on the docket under seal and provided a copy to counsel, and, in reliance on the reported settlement, canceled the scheduled jury selection and empanelment.

Siemens prepared a written settlement agreement and release, along with a stipulation of dismissal, reflecting the terms agreed upon at mediation. There were email exchanges among counsel. Maccarone informed her counsel that she would not sign the settlement documents and wished to raise concerns about the settlement. On May 21, 2024, Maccarone's counsel relayed Maccarone's position in an email to Siemens and to the magistrate judge's chambers, writing that "[m]y client generally feels as if she was pressured to agree to settle her claim for the amount offered and that the Defendant is getting away with what they did to her." Although the magistrate judge offered to hold a meeting, Maccarone's counsel indicated that Maccarone wanted to speak with the district judge. In subsequent correspondence with the district judge's chambers, the court advised that the appropriate course was for Siemens to file a motion to enforce the settlement agreement, and that any hearing would occur only after briefing on such a motion.

On July 16, 2024, Siemens filed a motion to enforce the settlement agreement. Maccarone filed an opposition on August 7, 2024, in which she requested an evidentiary hearing. She represented that she sought to testify that, in her view, no enforceable settlement agreement had been reached because she thought she had been subjected to undue influence, that three terms she asserted were material were neither sufficiently definite nor mutually agreed upon, and that the agreement had not been placed on the record because no stenographer was present and the parties were not sworn. On August 28, 2024, Siemens filed a reply, arguing that Maccarone had identified no true ambiguity in any material term, had not negotiated the supposedly ambiguous terms at mediation, and had neither specified any statements or conduct constituting undue influence nor cited authority entitling her to an evidentiary hearing on that issue.

On September 4, 2024, the district court granted Siemens' motion to enforce the settlement agreement, finding that the written settlement documents accurately reflected the parties' agreement on all material terms. The court denied Maccarone's request for an evidentiary hearing on the issue of undue influence because she had not "set forth any factual basis for her unsupported allegation," ordered Maccarone to execute the

- 4 -

settlement documents, and cautioned that failure to do so could result in dismissal of the case with prejudice.[1]

The following day, Maccarone filed a motion for reconsideration under Federal Rule of Civil Procedure 60(b)(1). She asserted that she had relied on an email from the district judge's chambers to counsel that Maccarone characterized as promising an evidentiary hearing on Siemens' motion to enforce; that no such hearing was held despite her request; and that, because she believed she had been misled on that point, the court's order should be vacated on the ground of mistake or excusable neglect and an evidentiary hearing held. On September 19, 2024, Siemens filed an opposition, arguing that Maccarone's arguments were meritless, had been or could have been raised in response to the motion to enforce, and did not require an evidentiary hearing because there was no genuine dispute of material fact.

On October 15, 2024, the district court denied the motion for reconsideration. The court found "no independent evidence of Ms. Maccarone's impaired physical or mental capacity" or of any undue influence; concluded that Maccarone's arguments could have been raised in response to the motion to enforce; and explained that even if a hearing had been promised, one was not required absent a genuine question of fact. The court further

_____

[1] The court also determined that the FLSA settlement was fair and reasonable.

observed that the case "smacks of buyer's remorse," which, it explained, is not a valid reason for denying enforcement of a knowing and voluntary settlement. The court ordered Maccarone to execute the settlement documents by October 25, 2024, failing which the court would entertain a motion to dismiss the case with prejudice for failure to comply.

On November 13, 2024, Maccarone's counsel informed Siemens by email that there was no indication Maccarone would sign the settlement documents. In response, Siemens filed a motion to dismiss under Federal Rule of Civil Procedure 41(b) on December 16, 2024, based on Maccarone's failure to comply with the court's enforcement order. Maccarone filed an opposition on December 23, 2024, in which she acknowledged that her case was subject to dismissal under Rule 41(b) but argued that she would not sign the release because she believed the court's decisions enforcing the settlement agreement and declining to vacate the enforcement order were "unjust," and that the procedures used to determine that the agreement would be enforced were "misleading[] and fundamentally flawed." Siemens filed a reply on January 8, 2025, contending that based on Maccarone's concessions and misconduct, the case must be dismissed with prejudice. On February 6, 2025, the district court granted Siemens' motion to dismiss, entered judgment in Siemens' favor, and dismissed the case pursuant to Rule 41(b).

On appeal, Maccarone argues that the district judge erred in determining that she entered into a binding settlement agreement at the time of the settlement conference. That argument is meritless.

A district court's "determination that an enforceable settlement agreement existed is a mixed question of fact and law, which we review on a sliding scale standard of review under the label of clear error review." Mongue v. Wheatleigh Corp., No. 24-1488, 2026 WL 161301, at *5 (1st Cir. Jan. 21, 2026) (internal quotation marks and citation omitted). The more a district court's "conclusions are characterized as factual conclusions, the more our review of those facts is for clear error; the more [a] district court's conclusions are conclusions of law, the more independent review we give." Id. (quoting Quint v. A.E. Staley Mfg. Co., 246 F.3d 11, 14 (1st Cir. 2001)).

"Settlement agreements enjoy great favor with [this Circuit] 'as a preferred alternative to costly, time-consuming litigation.' Thus, a party to a settlement agreement may seek to enforce [its] terms when the other party refuses to comply." Fid. and Guar. Ins. v. Star Equip. Corp., 541 F.3d 1, 5 (1st Cir. 2008) (citation omitted). "[O]ral settlement agreements are enforceable as long as the parties have mutually assented to all of their material terms." Commonwealth Sch., Inc. v. Commonwealth Acad. Holdings LLC, 994 F.3d 77, 86 (1st Cir. 2021) (remanding case for

enforcement of an oral settlement agreement notwithstanding the parties' after-the-fact disputes about performance and the absence of a final writing memorializing the agreement). The refusal to sign a subsequent writing memorializing the orally agreed upon terms does not preclude enforcement of the settlement agreement by the district court. See Román Oliveras v. P.R. Elec. Power Auth. (PREPA), 797 F.3d 83, 85 n.2, 87 (1st Cir. 2015) (affirming enforcement of an oral settlement agreement, though plaintiffs "declined to sign" the written agreement). Nor does a party's later change of heart furnish grounds to undo a knowing and voluntary settlement. See Quint, 246 F.3d at 12-15 (affirming enforceability of oral settlement agreement despite plaintiff's desire to "withdraw from the settlement" and "back out").

At the March 6, 2024 settlement conference, the parties actively engaged in negotiations before the magistrate judge and ultimately agreed on the material terms recited on the record. When the magistrate judge carefully recited and memorialized those terms, Maccarone did not object or condition her assent, nor did her counsel. To the contrary, her counsel expressly confirmed her agreement, and Maccarone -- who was present over Zoom and able to do so -- raised no objections or concern at the time. Maccarone's subsequent objections as to alleged ambiguities and tax consequences surfaced only after the agreement had been reached and were properly rejected by the district court as insufficient

to undermine the parties' objective manifestation of assent. These very same arguments now raised on appeal are meritless, to say the least. The district court did not err, clearly or otherwise, in concluding that the parties had entered into a valid and binding settlement agreement. See Mongue, 2026 WL 161301, at *5.

As an alternative justification to undo the settlement, Maccarone argues that the district judge abused his discretion in denying her Rule 60(b) motion to reconsider by declining to hold an evidentiary hearing at which she could testify that she was incapacitated or unduly influenced at the time of the settlement. See Bos. Parent Coal. for Acad. Excellence Corp. v. Sch. Comm. for City of Bos., 89 F.4th 46, 62 (1st Cir. 2023) (reviewing district court's denial of Rule 60(b) motion for abuse of discretion). We find no such error, particularly when such a barebones claim was presented to the district court only after it granted Siemens' enforcement motion and, even then, only in her reply brief in support of reconsideration. Brox v. Woods Hole, No. 24-1063, 2026 WL 73794, at *4 (1st Cir. Jan. 9, 2026) (noting arguments first raised in the district court in a reply brief are waived and "not properly preserved for appeal").[2]

---

[2] Maccarone's opening brief relies heavily on an email from the district judge's senior case manager to the parties' counsel referencing the possibility of a hearing at which Maccarone might have been permitted to testify. That email does not bear the weight she places on it. The email states, in relevant part, that the judge did not "see any way forward other than the Defendants

Even if the argument were preserved, it would plainly fail. Where there is no genuine dispute of material fact as to the existence or terms of a settlement agreement, a court need not hold an evidentiary hearing. See McKenzie v. Brannan, 19 F.4th 8, 20 (1st Cir. 2021). As the district court correctly found, Maccarone could have, but did not, present any facts supporting her allegation of undue influence in her opposition to Siemens' motion to enforce. The first time she submitted an affidavit bearing on that allegation was nearly a month after the court entered its enforcement order, and only in connection with her Rule 60(b) motion to reconsider. A bare desire to testify about alleged feelings of undue influence does not create a genuine factual dispute requiring an evidentiary hearing.

We also reiterate that relief under Rule 60(b) is "extraordinary in nature" and "granted sparingly." Fontanillas-Lopez v. Morell Bauzá Cartagena & Dapena, LLC, 832 F.3d 50, 63 (1st Cir. 2016) (quoting Rivera-Velazquez v. Hartford

---

moving to Enforce" and that, once Maccarone responded to that motion and Siemens filed a reply, the judge would "have a hearing and likely allow Ms. Maccarone to be called to the stand if that's the route [Maccarone's counsel] cho[se]." Sent before Siemens' motion to enforce was fully briefed, this informal communication from chambers staff was not a court order and did not guarantee that testimony would be received or that an evidentiary hearing would be required. At most, it reflected an expectation that the court would hold proceedings after briefing and that testimony might be permitted depending on how counsel elected to proceed and on the court's review of the parties' submissions.

Steam Boiler Inspection & Ins., 750 F.3d 1, 3 (1st Cir. 2014)); see also Coney Island Auto Parts Unlimited, Inc. v. Burton, 607 U.S. ___ (2026) (holding that Rule 60(c)(1)'s requirement that parties make Rule 60(b) motions within a "reasonable time" applies even to a motion seeking relief from an allegedly void judgment under Rule 60(b)(4)). We will reverse a district court's decision to withhold such exceptional relief "only if it plainly appears that the court below committed a meaningful error of judgment." Fontanillas-Lopez, 832 F.3d at 63 (quoting West v. Bell Helicopter Textron, Inc., 803 F.3d 56, 66 (1st Cir. 2015)). No such error occurred here.

Upon finding in favor of enforceability, and then denying Maccarone's Rule 60(b) motion, the district judge provided her with a final opportunity to execute the agreement, with the clear admonition that noncompliance would result in dismissal of the action with prejudice. She did not take this opportunity. Federal Rule of Civil Procedure 41(b) allows a district judge to dismiss any claim or action in which a plaintiff fails to comply with a court order. See, e.g., United States ex rel. Nargol v. DePuy Orthopaedics, Inc., 69 F.4th 1, 13-15 (1st Cir. 2023) (reviewing dismissal of a case pursuant to Rule 41(b) for abuse of discretion, and noting that "disregard of court orders qualifies as extreme behavior" which justifies dismissal (citation omitted)). That is exactly what the district judge here did.

Given the settlement context in which the district judge dismissed the case, we need not address Maccarone's separate argument as to whether summary judgment was improperly entered. See Shelby v. Superformance Int'l., Inc., 435 F.3d 42, 45 (1st Cir. 2006) ("[A] global settlement moots an action between the settling parties arising out of the same subject matter.").

Federal judges in the five districts within the First Circuit are extremely busy.  Just as parties to litigation expect judges to diligently manage their dockets, a federal judge's highly congested calendar cannot be manipulated by disgruntled litigants, such as Maccarone, who have second thoughts after settlement.

For the foregoing reasons, the district court's judgment is **affirmed.**  Costs and attorney fees are awarded to Siemens.